T. Jason Wood, Esq., ISB #5016
Richard A. Hearn, Esq., ISB #5574
HEARN & WOOD, LLP
1906 Jennie Lee Dr.
Idaho Falls, ID  83404
Telephone: (208) 497-0400
Fax: (208) 932-4380
Email: jason@hwlawpro.com
Email: rick@hwlawpro.com

    Attorneys for Plaintiff

IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LUIS AUGUSTINE VASQUEZ,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF IDAHO FALLS,<br><br>    Defendant. | Case No. 4:16-cv-184<br><br>**COMPLAINT AND DEMAND**<br>**FOR JURY TRIAL** |

    LUIS AUGUSTINE VASQUEZ, as and for cause of action against the above-named defendant RTR1, LLC, d/b/a RUBY TUESDAY, alleges and prays as follows:

    1.    This action for money damages and declaratory relief arises under to Title VII of the Civil Rights Act of 1964,  42 U.S.C. §§ 2000e, *et seq.* and the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("TitleVII"), the Idaho Human Rights Act, Idaho Code § 67-5901*, et seq.* ("IHRA"), and the Idaho Public Employee Protection Act ("IPEPA"), Idaho Code § 6-2101, *et seq*.

1 –     COMPLAINT AND DEMAND FOR JURY TRIAL

2. Plaintiff Luis Augustine Vasquez (hereinafter "Vasquez") is, and at all material times was, a resident of the City of Idaho Falls, State of Idaho, of Hispanic race.

3. The defendant City of Idaho Falls (hereinafter "the City") is, and at all times material hereto was, a municipal entity, political subdivision of the State of Idaho, public body, and employer within the meaning of Title VII, the IHRA, and IPEPA.

4. This Court has original subject-matter jurisdiction of Vasquez's federal law claims pursuant to 28 U.S.C. § 1331. This Court also has supplemental jurisdiction of Vasquez's state law claims pursuant to 28 U.S.C. § 1367.

5. Vasquez first became employed with the City in 2002, and first became employed full time at the Idaho Falls Field Cemetery on or about October 28, 2007, until the City unlawfully fired him on or about November 16, 2015. At all material times he performed her duties satisfactorily.

6. During Vasqez' employment, on several occasions the City deliberately broke and moved buried casket vaults and tombs, buried dead bodies on the wrong plots, and moved dead bodies from their original plots, all without permission of families and owners of plots, caskets, or tombs, in violation of applicable law.

7. The City fired Vasquez because of his race, and because he complained about and protested to the City the racial harassment to which he was subjected and the City's legal violations regarding the casket vaults, tombs and dead bodies described above, in violation of TAs a direct and proximate result of such unlawful demotion and termination, Vasquez has suffered and will continue to suffer significant special, general, compensatory, and consequential damages, including but not limited to past and future lost wages and benefits, in such amounts to be proven at trial.

8. As a direct and proximate result of his unlawful termination, Vasquez has suffered and will continue to suffer significant special, general, and consequential damages, including but not limited to past and future lost wages and benefits, in such amounts to be proven at trial.

9. Vasquez timely filed a charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), but the EEOC has not yet issued its right to sue.

10. Vasquez has exhausted all available administrative remedies available with the City.

11. The City's unlawful conduct as alleged above was performed with malice or reckless indifference to Sanders's rights secured by Title VII.  Sanders is therefore entitled to punitive damages pursuant to 42 U.S.C.S. § 1981a, as well as the IHRA.

12. The City's unlawful conduct as alleged above was oppressive, malicious, fraudulent, outrageous, reckless, in extreme deviation from reasonable standards of conduct, in violation of Idaho law.  Vasquez therefore reserves the right to amend this Complaint to include a prayer for punitive damages pursuant to Idaho Code §6-1604.

13. Sanders is entitled to an award of costs and attorney fees pursuant to 42 U.S.C.S. § 2000e-5(k), Idaho Code § 12-120(3), and other applicable state and federal statutes, laws and/or rules.

14. Sanders is entitled to an award of pre-judgment interest on all liquidated damages awarded to Plaintiff on account of Amerigas's conduct in violation of Idaho law as alleged above, pursuant to Idaho Code §28-22-104, at the rate of twelve percent (12%) per annum until entry of final judgment herein.

15. A trial by jury as to all issues triable to a jury in this matter is hereby demanded.

WHEREFORE, Plaintiff prays for the Order and Judgment of the Court:

1. Assuming jurisdiction over Plaintiff's causes of action set forth hisein;

2. Declaring the defendant's actions to be in violation of applicable law;

3. Awarding damages to Plaintiff in the form of past and future lost wages and employment benefits in amounts to be determined at trial;

4. Making Plaintiff whole by awarding compensatory, consequential and general damages, including non-pecuniary losses, in amounts to be determined at trial;

5. Awarding Plaintiff punitive damages as alleged above, in amounts to be determined at trial;

6. Awarding Plaintiff costs of suit and reasonable attorney fees;

7. Awarding Plaintiff prejudgment and post judgment interest on all amounts due to Plaintiff as a result of this action; and

8. Granting Plaintiff such further relief as the Court deems just and appropriate.

DATED this 29th day of April, 2016.

                        HEARN & WOOD, LLP

                        By: /s/
                             T. Jason Wood, Esq.

Z:\DATA\TJW\4131 VASQUEZ, LUIS\PLEADINGS\001 COMPLAINT.wpd