UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| LUIS AUGUSTINE VASQUEZ, | Case No. 4:16-cv-184-DCN |
|---|---|
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| CITY OF IDAHO FALLS, | |
| Defendant. | |

## I. OVERVIEW

This employment discrimination case comes before the Court on Plaintiff's Motion for Reconsideration. Dkt. 37. Plaintiff Luis Augustine Vasquez argues the Court erred in granting summary judgment in favor of Defendant the City of Idaho Falls and, accordingly, asks the Court to reconsider its decision. Having reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court decides the pending Motion on the record without oral argument.[1]  Dist. Idaho Loc. Civ.

---

[1] The Court notes that Plaintiff, through counsel, requested oral argument on this Motion. The Court typically only hears oral arguments on dispositive motions to dismiss, motions for summary judgment, or when the Court feels oral argument would aid it in the decision process. This case does not fall under any of these categories. Moreover, the Court heard extensive oral argument on this case at the summary judgment stage. As most of Plaintiff's arguments in the pending Motion are repetitious of the arguments he made at the summary judgment stage, the Court does not see a need to hear oral argument on the Motion for Reconsideration.

R. 7.1(d)(2)(ii). For the reasons set forth below, the Court finds good cause to DENY the Motion for Reconsideration.

## II. BACKGROUND

This Court granted Defendant the City of Idaho Falls' Motion for Summary Judgment on December 20, 2018. Dkt. 33. The Court set forth the entire factual background of this case in that Decision. The Court now incorporates, in full, that factual background by reference. That Decision also disposed of all of Plaintiff's claims. Accordingly, the Court entered Judgment and dismissed the case in its entirety. Dkt. 37. On January 31, 2018, Plaintiff filed the current Motion for Reconsideration. The Motion is now fully briefed and ripe for review.

## III. LEGAL STANDARD

It is true that "neither the Federal Rules of Civil Procedure nor the Local Rules provide for a motion to reconsider." *Magnus Pac. Corp. v. Advanced Explosives Demolition, Inc.*, No. 2:13-CV-0060-EJL-CWD, 2014 WL 3533622, at *1 (D. Idaho July 15, 2014). Nevertheless, the Ninth Circuit has instructed that courts should treat motions to reconsider "as motions to alter or amend under Federal Rule of Civil Procedure 59(e)." *Id.* (citing Sierra On–*Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419 (9th Cir. 1984)). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). Accordingly, a district court should only grant a motion for

reconsideration if (1) it "is presented with newly discovered evidence," (2) it "committed clear error," or (3) "there is an intervening change in the controlling law." *Id.* (citation omitted). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* "Whether or not to grant reconsideration is committed to the sound discretion of the court." *See Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

### IV. ANALYSIS

Plaintiff argues the Court should reconsider its summary judgment decision because it committed three clear legal errors. Plaintiff also asserts it has new evidence that requires reconsideration. The Court will address each of these arguments in turn.

First, Plaintiff argues the Court erred "in concluding that [his] supervisor, Jeff Baird, who obviously had a deep and thoroughgoing discriminatory animus against Hispanic or Mexican people in general, and Plaintiff in particular, because as a technical matter he was not among the small group of people to whom the defendant delegated the decision to fire Plaintiff." Dkt. 37-1, at 2. Put differently, Plaintiff argues the Court's decision is contrary to *Vance v. Ball State University*, 133 S. Ct. 2434 (2013).

The Court directly addressed this argument in its last decision. *See* Dkt. 33, at 17-18. Under *Vance*, when "an employer . . . confine[s] decisionmaking power to a small number of individuals, . . . the employer may be held to have effectively delegated the power to take tangible employment actions to the employees *on whose recommendations*

it relies." *Vance*, 133 S. Ct. at 2452 (emphasis added). *Vance* necessarily requires that there be evidence that the employer relied on the recommendation of an employee in taking an employment action. The totality of the record shows the City did not rely on Baird in terminating Plaintiff.

The primary evidence Plaintiff has relied on throughout this case is the declaration of Daris Powell, a previous employee of the City of Idaho Falls who had no personal knowledge of the facts giving rise to this case. The Court struck portions of Powell's declaration after finding them inadmissible. Plaintiff does not challenge the decision to strike Powell's declaration. Rather, Plaintiff continues to insist that Powell's declaration shows Baird had influence over the City's decision to fire him. The Court reiterates that Powell's experience five years prior has no bearing on the facts giving rise to this case.

In his Motion for Reconsideration, Plaintiff points to the City's policy, which authorized Baird to discipline City employees under his supervision (including Plaintiff). Just because Baird was authorized, in general, to discipline employees does not mean he disciplined Plaintiff in this instance or recommended Plaintiff's termination to the City. More evidence is required for Plaintiff's claim to survive summary judgment.

Plaintiff also cites to the fact that Greg Weitzel had little or no interaction with Plaintiff before he notified Plaintiff that the City was terminating him. This fact also does not change the outcome of this case. The record as a whole indicates the City terminated Plaintiff because it found credible complaints filed by City employees that accused Plaintiff of sexual harassment. The record does not show that the City terminated Plaintiff for poor performance over an extended period of time. In such circumstances, it is not

unusual for a higher level manager, with little direct knowledge of the accused employee, to investigate the accusations. Therefore, this fact is not evidence that the City laundered Baird's alleged discriminatory animus through Weitzel.

In sum, none of Plaintiff's evidence gives rise to a reasonable inference that Baird in fact influenced the City's decision to terminate Plaintiff. Accordingly, Plaintiff has failed to establish that the Court's previous decision contained a clear error that requires reconsideration.

In addition to a lack of evidence that Baird influenced the City's decision to terminate Plaintiff, the Court had before it evidence to the contrary. The City provided a declaration from Brent Martin that, at the time the City terminated Plaintiff, "Baird was under investigation for improper use of City equipment." Due to this investigation, Baird was not acting as a supervisor when the City terminated Plaintiff and the City did not consult Baird before taking this action. The Court gave this declaration credence as it was made under oath and had not been contradicted. The Court noted the absence of any declaration from Baird to the contrary.

This brings the Court to the second reason Plaintiff has cited in support of his Motion for Reconsideration. Plaintiff asserts that the City "carefully withheld Jeff Baird as a potential witness, disclosing neither his address, telephone number, nor the critical information that he allegedly was under investigation at the same time as Agustin and had since been terminated." Dkt. 37-1, at 9. Plaintiff maintains that the City withheld "this information until after the discovery cutoff and after Plaintiff responded to the city's motion for summary judgment." *Id.* Finally, Plaintiff argues that the Court should allow

him "to conduct [additional] discovery and supplement the record with Mr. Baird's testimony." *Id.* at 10.

The Court interprets this argument as an assertion that "newly discovered evidence" requires reconsideration. Evidence is only newly discovery if it was in fact previously unavailable—i.e. the party asserting the evidence, acting with reasonable diligence, could not have previously discovered the evidence. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). That is not the case here. Plaintiff's theory all along has been that Baird's discriminatory animus was the real impetus of his termination. And yet, Plaintiff never asked the City for Baird's contact information or independently sought him out. Plaintiff made assumptions about Baird's employment status and testimony without conducting any steps to verify those assumptions. Presumably, the City did not include Baird on its list of initial disclosures because its position is that Baird played no role in Plaintiff's termination.[2] Moreover, if Plaintiff thought the failure to disclose Baird's contact information was a violation of the discovery rules, Plaintiff had many opportunities to bring this failure to the Court's attention before this point. Plaintiff could have raised this issue during discovery, during oral argument on the Motion for Summary Judgment, or even in a supplement brief after oral argument. Plaintiff's failure to raise this issue earlier or remedy it himself indicates Plaintiff did not act with reasonable diligence in seeking out this evidence. The evidence

---

[2] The City did not explain in its response brief why it did not include Baird in its initial disclosures.

is thus not "newly discovered" and is not a sufficient reason for the Court to reconsider its earlier ruling.[3]

Third, Plaintiff argues the Court committed plain error in its ruling on pretext. More specifically, Plaintiff argues the Court misapplied *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054 (9th Cir. 2002). Plaintiff appears to argue that *any* evidence that an employer's proffered reason for terminating an employee is false entitles the employee to a trial. The Court fully addressed this argument in its previous decision. Even if the allegations that Plaintiff committed sexual harassment were false, there is no evidence that the City did not honestly believe the allegations. This lack of evidence extinguishes Plaintiff's allegations of pretext. *See* 281 F.3d 1054, 1063 (9th Cir. 2002). Employers are required to take accusations of sexual harassment seriously and, if they find them credible, take appropriate action to protect their employees and protect themselves from future liability. A scintilla of evidence that the accusations may actually be fabricated does not make the employer liable for discrimination. A contrary ruling would put the employer between a rock and a hard place. Thus, without evidence that the City disbelieved the accusations of sexual harassment, there is nothing upon which "a reasonable juror drawing all inferences in favor of the respondent could return a verdict in [his or her] favor." *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017).

---

[3] The Court notes that Plaintiff has not actually presented new evidence, but rather a source of evidence he would like to investigate. The Court also notes Plaintiff has failed to prove or even address the "good cause" required by Federal Rule of Civil Procedure 16 to reopen discovery.

Finally, Plaintiff argues that the temporal proximity between his last complaint and his termination, alone, is sufficient evidence of pretext for both his discrimination claim and his retaliation claims. It is true that "[i]n some cases, temporal proximity can by itself constitute sufficient circumstantial evidence of retaliation for purposes of both the prima facie case and the showing of pretext." *Dawson v. Entek Int'l*, 630 F.3d 928, 937 (9th Cir. 2011). However, "[t]he cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality . . . uniformly hold that the temporal proximity must be 'very close.'" *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001) (quoting *O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001); also citing *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997) (3–month period insufficient); *Hughes v. Derwinski*, 967 F.2d 1168, 1174–1175 (7th Cir. 1992) (4–month period insufficient)). The Court finds the temporal proximity between Plaintiff's alleged last complaint and his termination is insufficient to establish pretext. If Plaintiff had complained just once, or even a few times, shortly before being terminated, Plaintiff's case might have survived summary judgment. But in this case, Plaintiff reported Baird's racist comments and improper handling of vaults at the cemetery to Brent Martin repeatedly over the course of several years. In light of this history of complaining, with little else to support a finding of pretext, the Court, again, finds a reasonable juror could not find in favor of Plaintiff. At the very least, there is nothing in this argument to convince the Court that this is one of the exceptional cases in which reconsideration is warranted.

# V. ORDER

THE COURT HEREBY ORDERS

1. Plaintiff's Motion for Reconsideration (Dkt. 37) is **DENIED**.

DATED: March 1, 2018

_____
David C. Nye
U.S. District Court Judge