UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LUIS AUGUSTINE VASQUEZ,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF IDAHO FALLS,<br><br>    Defendant. | Case No. 4:16-cv-00184-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Luis Augustine Vasquez's Motion in Limine to Exclude Undisclosed Witnesses and Motion for Rule 27(c) Sanctions ("Motion In Limine") (Dkt. 52), and Defendant City of Idaho Falls' ("Idaho Falls") Motion for Reconsideration (Dkt. 53) and Motion to Strike (Dkt. 56). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Court finds good cause to DENY Vasquez's Motion in Limine and Idaho Falls' Motion to Strike, and GRANT Idaho Falls' Motion for Reconsideration.

## II. BACKGROUND

On April 29, 2016, Vasquez filed his Complaint against Idaho Falls. Dkt. 1. Vasquez, a former employee of Idaho Falls, alleges that Idaho Falls unlawfully fired him

because of both his race and his lawful complaints he made about the racial discrimination he was experiencing from other employees. Idaho Falls claims that it fired Vasquez because he was sexually harassing a younger employee, Tanisha Kunz, and because Vasquez had fired an employee without the authority to do so.

On January 13, 2017, as a part of its initial disclosures, Idaho Falls disclosed Kunz and Sergio Soto, a co-worker and friend of Kunz, as individuals likely to have discoverable information. Rather than list their individual contact information, Idaho Falls labeled Kunz and Soto as "c/o," or in "care of" Blake Hall—Idaho Falls' attorney of record in this case—and listed Hall's law firm's contact information. Throughout discovery, whenever Idaho Falls supplemented its initial disclosures, it continued to list Kunz and Soto as in "care of" Hall. At no time during discovery did Vasquez make any objections to these designations, nor did Vasquez ever attempt to depose Kunz.

On December 20, 2017, the Court granted summary judgment in favor of Idaho Falls on Vasquez's racial discrimination and retaliatory discharge claims under Title VII, the Idaho Human Rights Act, and the Idaho Protection of Public Employees Act, and dismissed without prejudice Vasquez's state law spoliation claim for lack of subject matter jurisdiction. Dkt. 33, at 28. On appeal, the Ninth Circuit reversed summary judgment on Vasquez's racial discrimination and retaliatory discharge claims under Title VII and remanded the case for trial. Trial is currently set to begin May 18, 2020.

Vasquez filed the instant Motion in Limine on December 13, 2019, asking the Court to prevent Kunz or Soto from testifying in any possible way as a sanction for Idaho Falls' intentional non-disclosure of their respective personal phone numbers and addresses.

MEMORANDUM DECISION AND ORDER - 2

Idaho Falls filed its Motion for Reconsideration on December 17, 2019, asking the Court to revisit its December 20, 2017 Order. Specifically, Idaho Falls claims that there has been an intervening change in controlling law that requires the Court to dismiss Vasquez's state law spoliation claim with prejudice, rather than without prejudice.

### III. LEGAL STANDARD

"Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002). "The term 'in limine' means 'at the outset.' A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (quoting Black's Law Dictionary 803 (8th ed. 2004)). Because "[a]n in limine order precluding the admission of evidence or testimony is an evidentiary ruling," *United States v. Komisaruk*, 885 F.2d 490, 493 (9th Cir. 1989) (citation omitted), "a district court has discretion in ruling on a motion in limine." *United States v. Ravel*, 930 F.2d 721, 726 (9th Cir. 1991). Further, in limine rulings are preliminary and, therefore, "are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

### IV. DISCUSSION

**A. Vasquez's Motion In Limine**

As a preliminary matter, Idaho Falls argues that the Motion In Limine is really a discovery motion, which should be summarily denied because discovery has long since

MEMORANDUM DECISION AND ORDER - 3

closed.¹ Idaho Falls also argues that, for the same reason, the Motion in Limine is frivolous and that it is entitled to its attorneys' fees and costs in defending against the Motion in Limine. Although Vasquez brings the Motion in Limine pursuant to Federal Rule of Civil Procedure 37—a rule allowing sanctions for discovery violations— the Court will treat his motion as a motion in limine because Vasquez seeks to "limit in advance testimony or evidence" to be presented at trial.. *See Heller*, 551 F.3d at 1111 ("A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area."). As the deadline for submitting motions in limine has not yet passed, Vasquez's Motion in Limine is timely and will be decided on the merits.²

Turning to the substance of the Motion in Limine, Vasquez essentially believes that Idaho Falls intentionally hid Kunz from him. Vasquez argues that Kunz's in "care of" designation circumvents Federal Rule of Civil Procedure 26's requirement that parties disclose the phone number and address of persons likely to have discoverable information. Vasquez compares this case to *Hathaway v. Idaho Pacific Corporation*, a case the Court is intimately familiar with.³ In *Hathaway*, the defendant identified Margaret Johnson as a person with potential knowledge in its initial disclosures. *Hathaway*, 2017 WL 4798125, at *2 (D. Idaho Oct. 23, 2017). However, the defendant initially failed to disclose Johnson's P.O. Box address and phone number, despite having that information readily available. *Id.*

---

¹ The Court's Case Management Order states that Discovery was completed July 30, 2017. Dkt. 15, at 3.

² The Court's Order Setting Jury Trial states that all motions in limine must be filed on or before April 20, 2020. Dkt. 51.

³ The *Hathaway* case is an active case which the undersigned presides over.

at *4. Instead, the defendant stated that Johnson's address and phone number were "unknown." *Id.* Due to this blatant discovery violation, the defendant was not permitted to use Johnson as a witness at trial nor was it allowed to present Johnson's prerecorded trial deposition. *Id.*

The facts of *Hathaway* starkly contrast those of this case. Idaho Falls did not hide Kunz by falsely asserting that her address and phone number were unknown. Rather, Idaho Falls presented an address and telephone number through which Vasquez could contact Kunz. Idaho Falls states that it designated Kunz in the "care of" its law firm because it believes Kunz was—and still is—protected from *ex parte* communications with Vasquez's attorney pursuant to Idaho Rule of Professional Conduct 4.2, which prevents an attorney from contacting a represented party *ex parte*. *See* Idaho R. Prof'l Conduct 4.2. Though Vasquez may not have liked Kunz's designation, Idaho Falls did provide an address and phone number to Vasquez, which Vasquez surely could have utilized to contact Kunz had he chosen to do so. Indeed, Idaho Falls used the same "c/o" designation for Soto, and Vasquez used the provided address and telephone number to set up Soto's deposition. Vasquez simply chose not to do the same for Kunz. Though both *Hathaway* and this case involve a dispute about the contact information accompanying initial disclosures, the similarity stops there.

Vasquez next contests Idaho Falls' position that his attorney may not contact Kunz

*ex parte*. In designating Kunz as "c/o," Idaho Falls relied on Comment 7[4] to Rule 4.2, which states, in relevant part:

> In the case of a represented organization, this Rule prohibits communications with a constituent of the organization who supervises, directs, or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission with the matter may be imputed to the organization for purposes of civil or criminal liability.

Idaho R. Prof'l Conduct 4.2, cmt. 7. According to Idaho Falls, Kunz—whose allegation of sexual harassment was a key motivator in Idaho Falls' decision to terminate Vasquez—has regularly consulted with its lawyer concerning this case and is thus a constituent of Idaho Falls and protected from *ex parte* contact by Vasquez's attorney.

Vasquez, though, suggests that Kunz cannot be a constituent because she is not a supervisor or director of Idaho Falls and does not have authority to obligate Idaho Falls. For support, Vasquez relies on *E.E.O.C. v. Hora, Inc.*, an unreported Third Circuit decision interpreting Pennsylvania's professional conduct rules. 239 Fed.Appx. 728, (3rd Cir. 2007). In *Hora*, the court determined that Pennsylvania Rule of Professional Conduct 4.2—which is virtually identical Idaho's—did not bar an attorney from communicating with an employee of the opposing party because that employee could not obligate her employer, her acts could not impute liability on the employer, and because she did not regularly consult with the employer's lawyer. *Id.* at 730. According to Vasquez, Kunz and the

---

[4] Both Vasquez and Idaho Falls referenced Comment 6 to Rule 4.2 as the basis for Kunz's "c/o" designation. Dkt. 52-2, at 6; Dkt. 52-1, Ex. 4. However, the text Vasquez quotes is from Comment 7 to Rule 4.2. Comment 6 to Rule 4.2 instead provides a lawyer who is uncertain whether a communication with a represented person is permissible may seek a court order. The Court accordingly assumes the parties' intended to refer to Comment 7 to Rule 4.2.

employee in *Hora* are sufficiently similar and thus his attorney may communicate with Kunz.

The Court disagrees.[5] First, the *Hora* court admitted that Pennsylvania's rule 4.2 "would have prohibited communication between [the attorney] and [the employee] if [the employee] were an employee who regularly consulted with Defendants' lawyer regarding the matter." *Id.* Unlike the employee in *Hora*, where "[t]here [was] no evidence in the record to support the conclusion that [the employee] regularly consulted with Defendants' lawyer regarding the matter," *id.* at 731, Kunz has provided an affidavit stating that she has regularly consulted with Idaho Falls' counsel throughout the duration of this case. Dkt. 54-1, at 2–3.

Next, the plain language of Comment 7 to Idaho's Rule 4.2 prohibits "communications with a constituent of the organization who supervises, directs, *or* regularly consults with the organizations lawyer concerning the matter *or* has authority to obligate the organization with respect to the matter . . . ." Idaho R. Prof'l Conduct 4.6, cmt. 7 (emphasis added). By using the conjunction "or," rather than "and," this language mandates that Rule 4.2 applies to a person who regularly consults with the organization's lawyer concerning the matter, even if that person is not a supervisor and does not have authority to obligate the organization. Vasquez may be correct in arguing that Kunz is not a supervisor or a director of Idaho Falls, and he may be correct that she does not have

---

[5] Even if the Court agreed with Plaintiff on this issue, the proper procedure would have been a motion to compel during the discovery phase of this litigation, not a motion for sanctions filed long after the discovery deadline and without a motion to compel.

authority to obligate Idaho Falls, but this does not prevent Rule 4.2 from applying to Kunz.

Additionally, even if Rule 4.2 clearly did not apply to Kunz, Vasquez has provided no authority to support his contention that Idaho Falls' "c/o" designation for Kunz warrants the harsh penalty of preventing her (or Soto) from testifying at trial. There is no evidence that this designation harmed Vasquez. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . unless the failure was substantially justified or is harmless."). In fact, Vasquez makes clear that he had every ability to access Kunz because he accessed Soto, who shared Kunz's "c/o" designation. Thus, if there was any harm that Vasquez would suffer, it would be his own fault because he chose not to contact Kunz, despite having had every opportunity to do so. Even if Vasquez's arguments had merit, the Court would be very reluctant to prevent testimony that was so accessible to Vasquez during the discovery period.

This leads to the Court's last and most important point: Vasquez should have raised this issue nearly three years ago. Even assuming that Vasquez could show that Rule 4.2 does not apply *and* that he was harmed because Idaho Falls listed Kunz's contact information as being in the "care of" its attorney, Vasquez should have objected when the disclosure was first made in January 2017, or at any other time during the discovery period. But he did not. Instead, Vasquez waited, for whatever reason,[6] until two and a half years

---

[6] It appears that the reason Vasquez's attorney did not attempt to depose Kunz is that he somehow obtained Kunz's personal cell phone number and contacted her early on in the case, despite knowing Idaho Falls' position concerning Rule 4.2. At some point, though, Kunz changed her cell phone number and Vasquez's

after discovery closed in this case to bring up the issue. Whether it was a strategical move or a simple oversight, the Court finds it would be unjust to remedy this problem (though the Court does not believe there is one) after such a long delay.

Based on the above analysis, the Court will not bar Kunz's testimony in any way at this time. However, because the Court found that Vasquez's Motion in Limine was not a discovery motion, the Court will not award Idaho Falls any attorney fees or costs at this time. Vasquez's Motion in Limine is DENIED.

## B. Idaho Falls' Motion to Strike

Vasquez's reply brief to his Motion In Limine was due on January 13, 2020. Vasquez filed his reply brief at 12:28 AM on January 14, 2020—twenty-eight minutes past the time it was due. That same day, Idaho Falls filed its Motion to Strike Vasquez's reply based on Vasquez's tardiness. Though Vasquez technically filed his reply brief late, there is no evidence that this prejudiced Idaho Falls in any way. As such, Idaho Falls' Motion to Strike is DENIED.

Relatedly, Vasquez asks for attorneys' fees and costs in defending Idaho Falls' Motion to Strike, as he feels Idaho Falls filed it to harass him. Though Vasquez's brief was filed only twenty-eight minutes past its deadline, it was still filed late. Idaho Falls then had two available options: let it slide or file a motion to strike. It chose the latter. As this option

---

attorney was no longer able to contact her. It seems that Vasquez brought this motion because his attorney no longer has the ability to contact Kunz *ex parte*, and, as discovery is over, cannot depose her. Dkt. 55, at 6 ("Vasquez no longer has Kunz's cell number. Vasquez has a right to talk to Kunz more than once. He had the right to try to meet her at her residence. He had the right to hire others do [sic] so.").

was a legally viable and acceptable option, Vasquez is not entitled to attorneys' fees and costs in defending against Idaho Falls' Motion to Strike.

## C. Idaho Falls' Motion for Reconsideration[7]

A federal court has the "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks omitted). A motion for reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

In its December 20, 2017 Order, the Court dismissed without prejudice Vasquez's state law claim for spoliation of evidence. Dkt. 33, at 28. Since that time, the Idaho Supreme Court issued a decision holding that first-party spoliation of evidence—the claim that Vasquez brought—does not constitute a separate cause of action. *Raymond v. Idaho State Police*, 451 P.3d 17, 21 (Idaho 2019) (clarifying that spoliation of evidence is a separate cause of action when the tort is "committed by a third party," and that "[t]he remedy for such first-party misdeeds is not an independent cause of action"). Idaho Falls now contends the Court should dismiss Vasquez's claim for first-party spoliation of

---

[7] Vasquez did not oppose this motion.

evidence with prejudice because the Idaho Supreme Court has now clarified that Idaho law does not support such a claim.

The *Raymond* court was quite clear that in Idaho there is no independent cause of action for first-party spoliation of evidence. As this is what Vasquez claimed here, the dismissal of this cause of action must be with prejudice. Idaho Falls' Motion for Reconsideration is accordingly GRANTED and Vasquez's cause of action for spoliation of evidence is DISMISSED WITH PREJUDICE.

## V. ORDER

**IT IS HEREBY ORDERED THAT**:

1. Vasquez's Motion in Limine to Exclude Undisclosed Witnesses and Motion for Rule 27(c) Sanctions (Dkt. 52) is DENIED.

2. Idaho Falls' Motion for Reconsideration (Dkt. 53) is GRANTED.

    a. Vasquez's spoliation of evidence claim is DISMISSED WITH PREJUDICE.

3. Idaho Falls' Motion to Strike (Dkt. 56) is DENIED.

DATED: February 11, 2020

David C. Nye
Chief U.S. District Court Judge