UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LUIS AUGUSTINE VASQUEZ,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF IDAHO FALLS,<br><br>        Defendant. | Case No. 4:16-cv-00184-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.        INTRODUCTION

Pending before the Court is Defendant City of Idaho Falls' ("Idaho Falls") Motion in Limine to Exclude Certain Evidence from Trial and to Establish Admissibility of Relevant Written Witness Statements ("Motion in Limine to Exclude Evidence") (Dkt. 61), Idaho Falls' Motion in Limine to Prohibit Witness Testimony at Trial ("Motion in Limine to Prohibit Witness Testimony") (Dkt. 62), and Plaintiff Luis Augustine Vasquez's Motion to Present Testimony by Remote Transmission, or, Alternatively, for leave to take Remote, Video-Recorded Deposition for Use at Trial ("Motion to Present Evidence by Remote Transmission") (Dkt. 66).

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Court finds good cause to DENY

in PART and GRANT in PART Idaho Falls' Motion in Limine to Exclude Evidence, DENY Idaho Falls' Motion in Limine to Prohibit Witness Testimony and GRANT Vasquez's Motion to Present Evidence by Remote Transmission.

## II.    BACKGROUND

On April 29, 2016, Plaintiff Luis Augustine Vasquez filed his Complaint against Idaho Falls. Dkt. 1. Vasquez, a former employee of Idaho Falls, alleges that Idaho Falls unlawfully fired him because of his race and the lawful complaints he made about the racial discrimination he experienced at work. Idaho Falls claims that it fired Vasquez because he was sexually harassing a younger employee, Tanisha Kunz, and because Vasquez had fired an employee without the authority to do so.

On December 20, 2017, the Court granted summary judgment in favor of Idaho Falls on Vasquez's racial discrimination and retaliatory discharge claims under Title VII, the Idaho Human Rights Act, and the Idaho Protection of Public Employees Act, and dismissed without prejudice Vasquez's state law spoliation claim for lack of subject matter jurisdiction. Dkt. 33, at 28. On appeal, the Ninth Circuit reversed summary judgment on Vasquez's racial discrimination and retaliatory discharge claims and remanded the case for trial. Trial is currently set to begin May 18, 2020.

On December 17, 2019, Idaho Falls filed a motion for reconsideration, asking the Court to revisit its December 20, 2017 Order that dismissed Vasquez's state law spoliation claim without prejudice. Since the Court's December 17, 2017 Order, the Idaho Supreme Court issued a decision holding that first-party spoliation of evidence does not constitute a separate cause of action under state law. *Raymond v. Idaho State Police*, 451 P.3d 17, 21

(Idaho 2019). Idaho Falls argued that *Raymond* was an intervening change in controlling law. The Court agreed and granted Idaho Falls' motion for reconsideration. It dismissed Vasquez's state law cause of action for spoliation of evidence with (rather than without) prejudice.

In anticipation of trial, Idaho Falls filed two motions in limine: one to exclude certain evidence from trial and to establish admissibility of relevant written witness statements (Dkt. 61), and one to prohibit witness testimony at trial (Dkt. 62). Vasquez filed his Motion to Present Testimony by Remote Transmission. Dkt. 66.

## III.  DISCUSSION

### A. Idaho Falls' Motion in Limine to Exclude Evidence

In its first motion in limine, Idaho Falls seeks an order from the Court prohibiting any and all evidence relating to Vasquez's alleged missing notebooks and economic report. Idaho Falls also asks the Court to find certain witness statements admissible as a matter of law. The Court will address each request in turn.

"Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002). "The term 'in limine' means 'at the outset.' A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (quoting Black's Law Dictionary 803 (8th ed. 2004)). Because "[a]n in limine order precluding the admission of evidence or testimony is an evidentiary ruling," *United States v. Komisaruk*, 885 F.2d 490,

493 (9th Cir. 1989) (citation omitted), "a district court has discretion in ruling on a motion in limine," *United States v. Ravel*, 930 F.2d 721, 726 (9th Cir. 1991).

Denial of a motion in limine does not mean that all evidence contemplated by the motion will be admitted at trial. Instead, denial of such a motion simply means that the Court is unable to determine whether the evidence should be excluded outside of the trial context. At trial, the parties may object to the offering of evidence even though such evidence was the subject of the Court's ruling on a motion in limine. Further, in limine rulings are preliminary and, therefore, "are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

1. *Exclusion of Any and All Evidence Concerning Vasquez's Alleged Missing Notebook and Calendars*

   **DENIED**.

Here, Idaho Falls seeks an order excluding any and all evidence concerning Vasquez's alleged missing notebook/calendars.

As background, Vasquez alleges he was unlawfully fired by Idaho Falls due to both racial discrimination and in retaliation for the complaints he made to Idaho Falls. Vasquez alleges that he used a black spiral notebook and several red calendars at work to record: (1) another employee's racist comments and conduct toward him; and (2) Vasquez's own complaints to Idaho Falls about the racial discrimination. Upon termination, Vasquez asked the Superintendent to return Vasquez's notebook and calendars to him. The Superintendent allegedly informed Vasquez that the City would have to review materials at Vasquez's

desk prior to returning them. Dkt. 63 at 5. A week later, Vasquez's attorney sent Idaho Falls a letter demanding immediate return of Vasquez's black notebook and other written materials from his desk and warning it of possible future legal action. Dkt. 63 at 5. Idaho Falls allegedly acknowledged receipt of the letter the next day. *Id*. However, Idaho Falls never returned the black notebook or other written materials to Vasquez. Vasquez wants to provide oral testimony, both personally and via his wife, Socorro Vasquez, regarding the existence of the notebook and calendars to prove Idaho Falls' spoliation of relevant evidence. Vasquez also seeks appropriate sanctions for Idaho Falls' purported spoliation.

Idaho Falls requests an order preventing Vasquez from presenting any such spoilage evidence. Idaho Falls contends it only found a small pocket notebook, which is separate and distinct from the notebook and calendars Vasquez alleges are missing. Idaho Falls denies that it: (1) was aware of any existing notebook/calendars; (2) knowingly lost or destroyed such items; and (3) had notice that the alleged notebook/calendars were relevant to this litigation. Dkt. 61-1 at 2. It argues that Vasquez has presented no evidence proving that the notebook/calendars ever existed beyond self-serving statements.

Oral testimony is evidence. Parties can challenge the credibility of the witness, but the lack of documentation does not mean there is no factual dispute. Idaho Falls cites to *Stebbens v. Duncan*, 108 U.S. 32 (1883), to support the proposition that a party can only testify concerning the contents of a writing without producing the original if the party can prove both that the writing existed and that it was lost or destroyed. Yet, in *Stebbens,* the party proved a writing actually existed and was lost or destroyed through oral testimony. 108 U.S. 32 at 34 ("The existence of the original deed and its destruction in the fire at

Chicago, in October, 1871, was distinctly proved by the testimony of Dent, counsel for plaintiffs."). Vasquez similarly seeks to establish that the notebook/calendars existed through oral testimony.

Courts must be careful not to resolve factual disputes or to weigh evidence when ruling on a motion in limine. *C & E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008) ("[A] motion in limine should not be used to resolve factual disputes or weigh evidence."). To exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Luce*, 469 U.S. 38, 41 n.4). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).

The Court finds there is a material factual dispute as to the existence of the notebook/calendars. It is well settled that "[e]ach party is . . . entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence." *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009) (quotation marks and citation omitted). At this point, it is not clear what evidence the parties will present at trial and whether the evidence will support a spoliation instruction.[1] *See Miller v. Lemhi Cty.*, No.

---

[1] Vasquez may offer admissible evidence to prove the contents of any documents that he asserts have been destroyed. He also may offer admissible evidence, either direct or circumstantial, regarding who may have destroyed that evidence and why. Idaho Falls will have the opportunity to attack the credibility of Vasquez's testimony. *See Debose v. U.S. Dep't of Agric.*, 700 F.2d 1262, 1268 (9th Cir. 1983) (contents of a destroyed writing may be proven by any means, "subject to attack by the opposing party not as to admissibility but as to the weight to be given to the evidence") (internal quotations omitted).

4:15-CV-00156-DCN, 2018 WL 1144970, at \*7 (D. Idaho Mar. 2, 2018) (holding a plaintiff's request for a spoliation instruction concerning whether a county had lost relevant evidence should be ruled on after the parties had an opportunity to present evidence at trial regarding whether the items ever existed and how they were destroyed) .

Idaho Falls also argues that even if the notebook/calendars existed, there would be no prejudice to Vasquez if he testified without them because Vasquez has personal knowledge of the contents of the materials. In other words, even if what Vasquez alleged was true, he would still not be entitled to a spoliation instruction and therefore testimony regarding the notebook/calendars should be excluded.

Idaho Falls is correct that the contents of Vasquez's notebook and calendars (if they ever existed) would have been mere recitations of events within his personal knowledge. However, they could have been used at trial in a variety of ways and been beneficial to Vasquez. First, if Vasquez forgot the exact date or details of his allegedly recorded events, he could have used the notebook/calendars on the witness stand to refresh his recollection. Fed. R. Evid. 612; *see also Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003) ("Indeed, even inadmissible evidence may be used to refresh a witness's recollection.") (internal citation omitted). Second, if he was unable to refresh his recollection by reading the notebook/calendars, Vasquez may have been able to read them into evidence as a recorded recollection under Federal Rule of Evidence 803(5). *Fraser*, 345 F.3d at 1037.

Vasquez seeks sanctions for the destruction of the notebooks/calendars. After the close of evidence at trial, Vasquez may petition the Court to provide a spoliation instruction

to the jury. At that point, the Court will decide whether a spoliation instruction is warranted based on the evidence presented during trial.[2]

2. *Exclusion of Vasquez's Economic Reports Produced During Discovery*

**GRANTED.**

Here, Idaho Falls moves the Court for an order in limine to exclude any and all economic reports Vasquez produced during discovery because Vasquez does not have the personal knowledge to testify to the economic projections and information in the documents. In particular, it moves to exclude "Report A" and "Report B," attached as Exhibits C and D to Sam Angell's Declaration. Dkts. 61-8, 61-9. The reports calculate Vasquez's lost wages and benefits since his employment with Idaho Falls was terminated. In response, Vasquez argues that he will ask the Court to judicially notice the reports and that he has a right to produce evidence of his economic loss.

The parties currently dispute whether (and how much) of the economic reports may be judicially noticed. The Court reminds the parties that the kind of fact it may judicially notice is "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A high degree of indisputability is the essential prerequisite" to judicially notice a fact. Fed. R. Evid. 201 Advisory Committee Note. If there is reasonable controversy as to the evidence

---

[2] A party seeking sanctions based on spoliation of evidence typically "bears the burden of establishing that the opposing party (1) destroyed relevant evidence and (2) had an obligation to preserve the evidence when it was destroyed or altered." *Miller*, 2018 WL 1144970, at *6 (internal quotations omitted).

Vasquez wishes to introduce, either the reports in their entirety, or a summary thereof, then the economic reports cannot be judicially introduced under Rule 201.

At this time, the Court cannot tell the source of the economic reports by simply reviewing Exhibits C and D to Sam Angell's Declaration. On their face, the reports appear to be tailor-crafted by someone associated with Vasquez. If the reports were individually created by a non-neutral party for the purpose of assisting Vasquez in this trial, then they are highly unlikely to meet the standards to be admitted pursuant to Rule 201.

If Vasquez cannot lay the appropriate foundation to present his economic reports through Federal Rule of Evidence 201, he is permitted to try to introduce them through witness testimony. In the Court's experience, economic reports such as Exhibits C and D are generated by experts (e.g., economists or forensic accountants). A party may only introduce such reports if an expert can testify as to what they mean.[3] Vasquez has not disclosed any expert witnesses.[4]

Vasquez's own testimony of his economic loss is limited to what a lay witness can testify. Under Federal Rule of Evidence 701, a lay witness can testify to facts "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's

---

[3] Vasquez also argues that the reports may be admitted as summaries pursuant to Federal Rule of Evidence 1006. As the Court does not have access to the underlying documents, the reports are not admissible pursuant to Rule 1006. *See Hathaway v. Idaho Pac. Corp.*, No. 4:15-CV-00086-DCN, 2019 WL 5386464, at *4 (D. Idaho Oct. 21, 2019) ("The proponent of a summary exhibit 'must establish a foundation that (1) the underlying materials upon which the summary is based are admissible in evidence; and (2) the underlying documents were made available to the opposing party for inspection.'") (quoting *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1259 (9th Cir. 1984).

[4] Pursuant to the Court's prior Scheduling Order, Vasquez's expert witnesses were to be disclosed by May 1, 2017 and his rebuttal experts were to be identified by June 1, 2017. Dkt. 15. Vasquez has not disclosed any expert witness to Idaho Falls. Dkt. 61 at 3.

testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. While lay witnesses may testify to elementary mathematical operations under Rule 701, such as taking a simple average of several numbers, testifying regarding results based on more sophisticated economic models is not appropriate under Rule 702. *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1214 (10th Cir. 2011) ("A mathematical calculation well within the ability of anyone with a grade-school education is . . . more aptly characterized as a lay opinion under Federal Rule of Evidence 701. . . . [Testimony is] inadmissible under Rule 701 . . . . [where] the model concern[s] moving averages, compounded growth rates, and S-curves.") (internal quotation marks omitted). "[T]he mandate of Rule 701 is clear. Lay opinion testimony is 'not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events.'" *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. 597, 2006 WL 1330002, at *3 (N.D. Cal. May 15, 2006) (quoting *U.S. v. Conn*, 297 F.3d 548, 554 (7th Cir. 2002)).

Vasquez's testimony regarding his damages may be properly admitted under Rule 701 only if it is: (1) based upon his personal knowledge of his economic loss (e.g., past wages, age, employment history), and (2) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. If Vasquez did not create the reports himself, the Court finds it unlikely he will be able to testify pursuant to Rule 701 with regards to the contents of the reports. If Vasquez did create the reports himself, he will

have to show how the report is not based on scientific, technical, or other specialized knowledge.

Based on the above, the Court grants Idaho Falls' motion to exclude the economic reports as depicted in Exhibits C and D to Angell's Declaration. Vasquez may motion the trial judge[5] outside the presence of the jury to admit the economic reports. At that time, Vasquez must establish the reports are admissible. His efforts should include, but are not limited to, providing the necessary evidence regarding how the reports were created and what information they are based on.

3. *Admissibility of Written Statements of Tanisha Kunz, Sergio Soto, Brady Stevens, and Mike Jones*

Here, Idaho Falls moves the Court to hold as a matter of law that the written statements of Tanisha Kunz, Sergio Soto, Brady Stevens, and Mike Jones are admissible non-hearsay evidence. The written statements at issue are reports including statements that Vasquez allegedly engaged in sexual harassment and other work misconduct. Idaho Falls asserts it will use the statements to prove that Idaho Falls had good-faith cause to launch an investigation into Vasquez's conduct. Vasquez opposes, stating the unsworn, out-of-court written statements regarding Vasquez's alleged sexual harassment against another employee are inadmissible hearsay.

An out-of-court assertion, regardless of its truth, may imply the particular state of mind of the declarant or show that a listener was exposed to that assertion. If offered as circumstantial evidence to prove a state of mind (rather than the truth of the matter asserted

---

[5] Judge Bill Wilson will preside over the trial currently set for May 18, 2020.

in the statement), the assertion is not hearsay. *See U.S. v. Tamura*, 694 F.2d 591, 597–98 (9th Cir. 1982) (*modified on other grounds by U.S. v. Comprehensive Drug Testing, Inc.*, 579 F.3d 989 (9th Cir. 2009)), (holding telex messages sent to a corporation's branch office from its home office used to prove the manager had knowledge of the corporate bribery scheme were not hearsay.); *Sears v. Southern Pac. Co.*, 313 F.2d 498 (9th Cir. 1963) (holding it a reversible error to exclude as hearsay a letter sent to defendant railroad before the accident complaining of a hazardous condition that needed correction as the letter showed the defendant's prior knowledge of the condition that caused plaintiff's injuries).

The Court agrees with Idaho Falls that the written statements it wishes to admit could be admissible during trial as non-hearsay evidence. However, the statements' admissibility depends on how Idaho Falls introduces them and uses them. Thus, the best time for the Court to rule on the admissibility of the written statements of Tanisha Kunz, Sergio Soto, Brady Stevens, and Mike Jones is during trial itself. The Court declines to rule at this point that as a matter of law the written statements are admissible non-hearsay evidence.

## B. Idaho Falls' Motion in Limine to Prohibit Witness Testimony

Vasquez has identified twenty-three individuals that could serve as potential witnesses at trial. Idaho Falls argues that seventeen of those witnesses should be prohibited from testifying at trial. Both parties primarily focus on whether witnesses Daris Powell and Socorro Vasquez should be allowed to testify. The Court will consider those witnesses before turning to the other fifteen.

### 1. Daris Powell

**DENIED.**

Idaho Falls moves the Court to prohibit Daris Powell from testifying. It argues that Powell lacks relevant testimony because Powell retired from working for the city in 2010, while Vasquez's employment was terminated in 2015. Vasquez responds that Powell can testify as to Jeff Baird's, an Idaho Falls' employee, alleged racism against Vasquez and to Powell's own reports to Idaho Falls of Baird's behavior to prove that Idaho Falls had prior knowledge of Baird's behavior.[6]

Idaho Falls previously moved to strike Powell's declaration. Dkt 28. In ruling on Idaho Falls' motion for summary judgment and accompanying motion to strike, the Court considered whether Powell's declaration was admissible in trial. Dkt. 33 at 19 (("When ruling on a motion for summary judgment, 'a trial court can only consider admissible evidence.'") (quoting *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002)). The Court determined that Powell did "not have personal knowledge of whether 'those formally charged with [Vasquez's] final termination decision would . . . have sought and obtained Baird's recommendation, input, and knowledge regarding [Vasquez's] employment and the circumstances giving rise to his proposed termination,' and whether

---

[6] As background established in a prior ruling, Vasquez initially worked with the Idaho Falls' Department of Parks and Cemeteries in 2005 as a seasonal laborer. Vasquez's immediate superior was Jeff Baird, and Baird's supervisor was Powell. In 2007, Powell hired Vasquez as a full-time, year-round Cemetery Attendant. When Powell indicated he was hiring Vasquez, Baird allegedly asked, "you're not hiring that wetback, are you?" Dkt. 24-7, at 2 (Powell Declaration). In addition to this comment, Powell asserts that he heard Baird make "racist comments in [his] presence several times per month during the 18 years or so he worked for the city." *Id.* Powell purportedly reported these comments to the Superintendent. Powell retired in 2010. Prior to retiring, he allegedly warned his superiors against promoting Baird due to Baird's racism and inability to do his job. *Id.* at 3. Baird was instead promoted, and Vasquez alleges that Baird was involved in the decision to terminate Vasquez's employment.

'they would have given [Baird's] recommendation significant weight.'" Dkt. *Id.* (quoting Dkt 24-7 at 4–5. (alterations in original). The Court accordingly struck that limited portion of Powell's declaration but denied Idaho Falls' motion to strike Powell's declaration in full. *Id.*

The Court has not changed its position. Powell's personal knowledge of the workplace environment and what Idaho Falls knew about potential racial harassment may be relevant to this case. The Court denies Idaho City's motion to prohibit Powell from testifying.

   *2. Socorro Vasquez*

   **DENIED**.

Idaho Falls moves the Court to prohibit Socorro Vasquez, Plaintiff's wife, from testifying both in general, and specifically in regard to the alleged missing notebooks/calendars. As the Court stated above, depending on what evidence the parties present at trial, there may be sufficient cause to support a spoliation instruction to the jury. Socorro Vasquez's testimony is relevant to that issue. The Court denies Idaho Falls' motion to prohibit Socorro Vasquez from testifying.

   *3. Other Witnesses*

   **DENIED**.

Idaho Falls also moves to exclude Gustavo Chavez, Jessie Alvarez, Whitney Kay Pongyan Manzanares, Whitni Jorgensen, Richard Cullison, Brian Wood, Jon Wood, Steve Hunter, Kevin Bodily, Mitzi Bodily, Maylin Byington, Kate Delgado, Kelly Sweringen, Jami Obrien, and Jody Bruce. It does so broadly on the basis that their testimony "consists

of nothing more than merely speculative testimony, inadmissible hearsay, and inadmissible character evidence." Dkt. 64 at 1–2. To the extent that the above witnesses (as well as Powell and Socorro Vasquez) offer "more than mere character evidence and/or speculation," Idaho Falls contends that Vasquez failed to disclose such information pursuant to Federal Rule of Civil Procedure 26. Vasquez responds that he adequately disclosed the witnesses' personal knowledge and anticipated testimony of the witnesses.

Idaho Falls argues that Vasquez had "previously indicated [the witnesses] had only knowledge that was inadmissible speculation, hearsay, or character evidence." Dkt. 64 at 4. The Court has reviewed Vasquez's response to Idaho Falls' First Set of Interrogatories. In Vasquez's response, he identified each witness individually and stated the named witness would "testify to the circumstances leading up to, surrounding, and culminating in the termination of [Vasquez's] employment with the City of Idaho Falls." Dkt. 62-3 at 4–5. Vasquez also identified which of those witnesses would testify as to Vasquez's work performance. Idaho Falls argues that Vasquez, through his response, essentially waived his rights to have witnesses testify beyond character evidence or speculation. The Court disagrees. Vasquez does not indicate in his response that the witnesses lacked admissible evidence of the events. Idaho Falls had sufficient notice to depose or informally speak with the witnesses they now seek to exclude pursuant to Federal Rule of Evidence 37(c)(1) but chose not to do so. Idaho Falls also could have sought the Court to intervene via a motion to compel if it thought Vasquez's discovery disclosures were too vague. Idaho Falls' failure to take any of those steps does not constitute grounds to exclude the witnesses all together.

## C. Vasquez's Motion to Present Testimony by Remote Transmission

Vasquez moves to present Powell's trial testimony either remotely or, in the alternative, via a video-recorded deposition. Dkt. 66. Powell is a 73-year-old diabetic man who lives in Florida. Dkt. 70. Vasquez moves for remote testimony because Powell is especially vulnerable to COVID-19. Idaho Falls objects on the ground that Vasquez's "good cause" for remote testimony does not rise to the level required under Federal Rule of Civil Procedure 43(a).

Federal Rule of Civil Procedure 43(a) provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." *See also Beltran-Tirado v. INS*, 213 F.3d 1179, 1185–86 (9th Cir. 2000) (rejecting a due process objection to telephonic testimony); *Alderman v. SEC*, 104 F.3d 285, 288 n.4 (9th Cir. 1997) (affirming an agency's credibility findings based on telephonic testimony). The advisory committee notes, however, state that "[t]he importance of presenting live testimony in court cannot be forgotten" and that contemporaneous transmission "is permitted only on showing good cause in compelling circumstances." Fed. R. Civ. P. 43 Advisory Committee Note.

Here, Powell has expressed reasonable concern over his ability to safely travel to Idaho and to testify live in court. Dkt. 70. The Court acknowledges Powell's concerns are unique to this unusual time. The Court takes the current pandemic seriously. *See* General Order Nos. 360 and 362. Further, Powell is at unique risk among the witnesses due to his age, diabetic condition, and his current residence in Florida (under a statewide shelter-in-place order). Vazquez could not have reasonably foreseen the circumstances he offers to justify the transmission of testimony—i.e., the pandemic. Therefore, the Court finds that

Vasquez has provided good cause for Powell to testify remotely. The parties are ordered to inform the Court whether they would prefer live remote testimony or a video-recorded deposition by April 20, 2020. Either way, Vasquez bears the burden of coordinating Powell's testimony and ensuring its audio and video quality are set up to the Court's satisfaction.

The use of remote testimony will not prejudice Idaho Falls because adequate safeguards exist to protect the procedure. In assessing the safeguards of such contemporaneous transmissions, courts focus on whether the testimony was made in open court, under oath, and whether the opportunity for cross examination was available. *See Official Airline Guides, Inc. v. Churchfield Publications*, 756 F. Supp. 1393, 1399 n.2, *aff'd Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385 (9th Cir. 1993); *Beltran*, 213 F.3d at 1185–86. In the present case, Powell will testify under oath and Idaho Falls will have the opportunity to cross-examine the witness. The factfinders will have sufficient opportunity to observe and make credibility determinations.

## IV.    ORDER

**IT IS HEREBY ORDERED THAT**:

1. Idaho Falls' Motion in Limine to Exclude Certain Evidence from Trial and to Establish Admissibility of Relevant Written Witness Statements Sanctions (Dkt. 61) is **DENIED** as to excluding evidence concerning Vasquez's alleged missing notebook/calendars and to ruling witness statements admissible as a matter of law but is **GRANTED** as to excluding Vasquez's economic reports.

2.  Idaho Falls' Motion in Limine to Prohibit Witness Testimony at Trial (Dkt. 62) is **DENIED**.

3.  Vasquez's Motion to Present Testimony by Remote Transmission, or, Alternatively, for Leave to Take Remote, Video-Recorded Deposition for Use at Trial (Dkt. 66) is **GRANTED**.

4.  The parties must inform the Court by **April 20, 2020**, whether they prefer Daris Powell testify live remotely or via a video deposition.

DATED: April 13, 2020

David C. Nye
Chief U.S. District Court Judge