UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LUIS AUGUSTINE VASQUEZ,<br><br>　　　Plaintiff,<br><br>v.<br><br>CITY OF IDAHO FALLS,<br><br>　　　Defendant. | Case No. 4:16-cv-00184-DCN<br><br>**MEMORANDUM DECISION AND ORDER RE. DEFENDANT'S MOTION IN LIMINE TO LIMIT CLAIMS FOR TRIAL (Dkt. 83) AND MOTION FOR EXTENSION (Dkt. 92)** |

## I.　INTRODUCTION

Pending before the Court is Defendant City of Idaho Falls' ("Idaho Falls") Motion in Limine to Limit Claims for Trial (Dkt. 83), and Plaintiff Luis Augustine Vasquez's Motion for Extension (Dkt. 92). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Court finds good cause to GRANT in PART and DENY in PART Idaho Falls' Motion in Limine to Limit Claims for Trial and DENY Vasquez's Motion for Extension.

## II.　BACKGROUND

Vasquez filed suit against Idaho Falls on April 29, 2016. Dkt. 1. Vasquez then filed an Amended Complaint on August 29, 2016. Dkt. 8. The Amended Complaint does not

MEMORANDUM DECISION AND ORDER - 1

distinctly enumerate the claims Vasquez is pursuing. Rather, the Amended Complaint generally states "[t]his action for money damages and declaratory relief arises under [] Title VII of the Civil Rights Act of 1964, . . . the Idaho Human Rights Act, . . . the Idaho Public Employee Protection Act ("IPEPA"), . . . and Idaho common law." *Id*.

Idaho Falls moved for summary judgment on September 29, 2017. Dkt. 20. The parties disputed what claims Vasquez had asserted in his Amended Complaint. They agreed Vasquez had asserted claims for (1) racial discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) racial discrimination in violation of the Idaho Human Rights Act ("IHRA"); and (3) retaliatory discharge in violation of the Idaho Public Employee Protection Act ("IPEPA"). However, Vasquez argued that he also asserted claims for (4) retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964, and (5) spoliation of evidence, an intentional tort under Idaho common law. The Court granted summary judgment on all federal claims—including Vasquez's claim of retaliatory discharge in violation of Title VII—in favor of Idaho Falls. Dkt 33, at 28. It dismissed the state law spoliation claim because it lacked subject matter jurisdiction. *Id*.

Vasquez appealed the Court's grant of summary judgment "on his claims of race discrimination and retaliation under Title VII of the Civil Rights Act of 1964." Dkt. 42-1 at 1. The Ninth Circuit found the Court erred in granting summary judgment in favor of Idaho Falls on Vasquez's Title VII discrimination claim and his Title VII retaliation claim. *Id*. at 4, 5. It remanded those claims back to the Court for trial.

Following the Ninth Circuit's decision, the claims remaining for trial were limited to Title VII discrimination, Title VII retaliation, and a state law spoliation of evidence

MEMORANDUM DECISION AND ORDER - 2

claim in light of the Court's regained subject matter jurisdiction over Vasquez's federal claims. Idaho Falls filed a Motion for Reconsideration on the basis that changes in intervening case law removed Vasquez's independent state law cause of action for spoliation of evidence. Dkt. 53; see *Raymond v. Idaho State Police*, 451 P.3d 17, 21 (Idaho 2019) (clarifying that spoliation of evidence is a separate cause of action when the tort is "committed by a third party," and that "[t]he remedy for such first-party misdeeds is not an independent cause of action").

The Court granted the Idaho Falls' motion and dismissed Vasquez's state law spoliation of evidence claim with prejudice. Dkt. 60.[1] Thus, after summary judgment, Vasquez's appeal regarding his Title VII discrimination and retaliation claims, and Idaho Falls' Motion for Reconsideration, the only remaining claims for trial are Vasquez's Title VII discrimination claim and Title VII retaliation claim.

On April 17, 2020, the trial judge, Judge Bill R. Wilson, emailed counsel with a pretrial/trial schedule, guidelines for attorney conduct and voir dire, and proposed opening jury instructions. Judge Wilson ordered the parties to file motions in limine three weeks before trial, if possible. Further, Judge Wilson noted "[r]esponses are due a week later." Dkt. 92-1, ¶ 4.

---

[1] However, the Court held that Vasquez may offer admissible evidence—either direct or circumstantial—regarding who may have destroyed evidence and why. Idaho Falls will have the opportunity to attack the credibility of Vasquez's testimony. Dkt. 71, at 3; see *Debose v. U.S. Dep't of Agric.*, 700 F.2d 1262, 1268 (9th Cir. 1983) (contents of a destroyed writing may be proven by any means, "subject to attack by the opposing party not as to admissibility but as to the weight to be given to the evidence") (internal quotations omitted). The Court noted that parties are entitled to an instruction about Vasquez's theory of the case, including spoliation, if the instruction is supported by law and has foundation.

On April 20, 2020, Vasquez submitted his proposed jury instructions and a proposed special verdict form to the Court. Dkt. 82. On April 21, 2020, Idaho Falls filed the pending motion in limine objecting to Vasquez's instructions and special verdict form. Dkt. 83. Vasquez's response, per Judge Wilson's order, was due Thursday, April 30, 2020.

On April 30, 2020, the jury trial set for May 18, 2020, was continued to August 10, 2020 due to COVID-19.

On May 17, 2020, Vasquez requested an extension to respond to Idaho Falls' April 20, 2020 motion in limine. Dkt. 92.

### III. DISCUSSION

#### A. Motion for Extension of Time

Vasquez moves for an extension of time to file a response to Idaho Falls' motion in limine under Local Rule 6.1. Pursuant to Local Rule 6.1, requests for time extensions concerning motions "will be granted only upon a showing of good cause." Loc. Civ. R. 6.1(a). Vasquez contends he has good cause because he was not aware that Idaho Falls had filed a motion in limine until on or after May 9, 2020, due to poor cell reception at his vacation home, where he has been working remotely due to COVID-19. Additionally, he was "under the impression that the deadline for [his] response to the motion was continued along with the trial continuance." Dkt. 92-1, ¶ 9.

Vasquez also alleges that Idaho Falls' motion in limine was untimely pursuant to the Court's November 7, 2019 order setting jury trial. Dkt. 51. The Court does not see how this relates to Vasquez's motion for extension of time, as that goes to the merits of Idaho Falls' motion, not to whether Vasquez has shown good cause for an extension.

MEMORANDUM DECISION AND ORDER - 4

Nevertheless, even assuming it did go to the "good cause" showing, Vasquez admits that on April 17, 2020, the trial judge ordered, via email, the parties to file their motions in limine three weeks before the trial date. Dkt. 92-1, ¶ 4. Vasquez's counsel responded to Judge Wilson's email on April 22, 2020. At the time Judge Wilson issued his order, a jury trial was set for May 18, 2020. The parties were to file their motions in limine by April 27, 2020, in order to be timely. Idaho Falls filed its motion in limine six days prior to Judge Wilson's deadline. It timely complied with the trial judge's order.

The Court does not find that Vasquez has shown good cause. Idaho Falls filed the motion in limine at issue on April 21, 2020. Vasquez filed a trial brief on April 22, 2020, and proposed voir dire on April 23, 2020. Vasquez had access to ECF and email in the days subsequent to Idaho Falls' filing its motion in limine. Thus, Vasquez had notice of Idaho Falls' motion. Vasquez's response was due by April 30, 2020. Vasquez's counsel states he was confused and thought Vasquez's response was continued along with the trial. But the order resetting trial makes no mention of continuing responses to pending motions; it is limited to the timing of the trial itself. Dkt. 88. If he had questions, Vasquez was free to formally or informally contact the Court to request clarification. Indeed, upon reading the April 30, 2020 order, Vasquez was confused as to which judge would be presiding over the continued trial. His counsel emailed the Court regarding the presiding judge on April 30, 2020. Due in part to his email, the Court issued an amended order resetting trial on May 1, 2020, to make it clear that Judge Wilson would still preside. Dkt. 89.

The Court accordingly finds Vasquez has not established good cause for granting an extension, and DENIES Vasquez's motion for extension of time to file a response to

Idaho Falls' motion in limine.

### B. Motion in Limine

"Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002). "The term 'in limine' means 'at the outset.' A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (quoting Black's Law Dictionary 803 (8th ed. 2004)). Because "[a]n in limine order precluding the admission of evidence or testimony is an evidentiary ruling," *United States v. Komisaruk*, 885 F.2d 490, 493 (9th Cir. 1989) (citation omitted), "a district court has discretion in ruling on a motion in limine," *United States v. Ravel*, 930 F.2d 721, 726 (9th Cir. 1991).

Denial of a motion in limine does not mean that all evidence contemplated by the motion will be admitted at trial. Instead, denial of such a motion simply means that the Court is unable to determine whether the evidence should be excluded outside of the trial context. At trial, the parties may object to the offering of evidence even though such evidence was the subject of the Court's ruling on a motion in limine. Further, in limine rulings are preliminary and, therefore, "are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

Idaho Falls contends that Vasquez's proposed jury instructions include a new claim (Title VII hostile work environment claim) and a claim the Court previously dismissed

(IPEPA retaliatory discharge claim). Idaho Falls requests that the Court limit Vasquez's claims for trial to Vasquez's Title VII racial discrimination and retaliation claims. Further, Idaho Falls requests that the Court prohibit Vasquez from arguing or presenting evidence pertaining to claims for hostile work environment or IPEPA retaliatory discharge.

The Court agrees that claims within the jury instructions should relate to Vasquez's Title VII discrimination claim and Title VII retaliation claim. The Court will not present to the jury any instructions that specifically relate to a Title VII hostile work environment claim or an IPEPA retaliatory discharge claim. Additionally, the verdict form will not include questions relating solely to those claims.

However, the Court denies Idaho Falls' wholesale request to completely bar Vasquez from arguing or presenting evidence that pertain to a hostile work environment or IPEPA retaliatory discharge claim. Vasquez may present arguments and evidence that are relevant (and admissible) to his Title VII discrimination claim or Title VII retaliation claim even if such argument and evidence might also pertain to a hostile work environment or IPEPA retaliatory discharge claim.

## IV. ORDER

**IT IS HEREBY ORDERED THAT**:

1. Idaho Falls' Motion in Limine to Limit Claims in Trial (Dkt. 83) is **GRANTED in PART** and **DENIED in PART.** As laid out above, the Court grants Idaho Falls' motion to the extent it will exclude jury instructions or special verdict questions concerning a Title VII hostile work environment or IPEPA retaliatory discharge claim. The Court denies Idaho Falls' Motion to the extent it will not

MEMORANDUM DECISION AND ORDER - 7

issue a blanket exclusion of any argument or evidence that might pertain to those claims.

2. Vasquez's Motion for an Extension of Time to File Response (Dkt 92) is **DENIED**.

DATED: June 3, 2020

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 8