UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LUIS AUGUSTINE VASQUEZ,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF IDAHO FALLS,<br><br>    Defendant. | Case No. 4:16-cv-00184-DCN<br><br>**MEMORANDUM DECISION AND ORDER RE. MOTION FOR SANCTIONS, OR ALTERNATIVELY, MOTION TO COMPEL AND/OR TO REOPEN DISCOVERY ON A LIMITED BASIS (Dkt. 93)** |

## I.    INTRODUCTION

Pending before the Court is Plaintiff Luis Augustine Vasquez's Motion for Sanctions, or Alternatively, Motion to Compel and/or to Reopen Discovery on a Limited Basis. Dkt. 93. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Court finds good cause to GRANT in PART and DENY in PART Vasquez's Motion.

## II.    BACKGROUND[1]

Vasquez filed suit against Idaho Falls on April 29, 2016. Dkt. 1. Vasquez then filed

---

[1] The underlying facts of the case, which are well known to the parties, have been set out numerous times in previous orders. The Court presents only a limited selection here.

an Amended Complaint on August 29, 2016. Dkt. 8.

The Court's Case Management Order mandated that all discovery to be completed by July 30, 2017 (Dkt. 15, at 3), but granted an extension to the discovery deadline until September 8, 2017, for the deposition of Sergio Soto (Dkt. 18). Vasquez served Idaho Falls with three sets of interrogatories and requests for production prior to the discovery deadline. He served Idaho Falls with "Plaintiff's Third Set of Interrogatories and Request for Production" on June 30, 2017.

Idaho Falls moved for summary judgment on September 29, 2017. Dkt. 20. In their briefing on the motion for summary judgment, the parties disputed what claims Vasquez had asserted in his Amended Complaint. While the parties agreed Vasquez had asserted claims for: (1) racial discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) racial discrimination in violation of the Idaho Human Rights Act ("IHRA"); and (3) retaliatory discharge in violation of the Idaho Public Employee Protection Act ("IPEPA"), Vasquez argued that he had also asserted claims for: (4) retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964; and (5) spoliation of evidence, an intentional tort under Idaho common law. The Court granted summary judgment on all federal claims—including Vasquez's claim of retaliatory discharge in violation of Title VII—in favor of Idaho Falls. Dkt. 33, at 28. It dismissed the state law spoliation claim because it lacked subject matter jurisdiction. *Id*.

Vasquez appealed the Court's grant of summary judgment "on his claims of race discrimination and retaliation under Title VII of the Civil Rights Act of 1964." Dkt. 42-1 at 1. The Ninth Circuit found the Court erred in granting summary judgment in favor of

MEMORANDUM DECISION AND ORDER - 2

Idaho Falls on Vasquez's Title VII discrimination claim and his Title VII retaliation claim. *Id*. at 4, 5. On July 2, 2019, the Ninth Circuit remanded those claims back to the Court for trial.

Following the Ninth Circuit's decision, the claims remaining for trial were limited to Title VII discrimination, Title VII retaliation, and a state law spoliation of evidence claim in light of the Court's regained subject matter jurisdiction over Vasquez's federal claims. The Court later dismissed Vasquez's state law spoliation of evidence claim with prejudice. Dkt. 60.

On October 7, 2019, the Court held a scheduling conference to set the matter for trial. Dkt. 50. Immediately after the scheduling conference was held, Vasquez emailed Idaho Falls asking that Idaho Falls supplement its discovery responses. On October 31, 2019, Idaho Falls supplemented its initial disclosure.

On November 7, 2019, trial was set for May 18, 2020. Dkt. 51. On December 6, 2019, five months before trial was set, Idaho Falls again supplemented its initial disclosure.

On April 17, 2020, the trial judge, Judge Bill R. Wilson, emailed counsel with a pretrial/trial schedule, guidelines for attorney conduct and voir dire, and proposed opening jury instructions. Judge Wilson ordered the parties to file motions in limine three weeks before trial, if possible. Further, Judge Wilson noted "[r]esponses are due a week later." Dkt. 92-1, ¶ 4.

On an undisclosed date in April 2020, Vasquez's counsel heard that Brent Martin, an Idaho Falls' employee and potential witness in this suit, had been demoted for misconduct, possibly for sexual harassment. Vasquez's counsel has not disclosed his

MEMORANDUM DECISION AND ORDER - 3

source and acknowledged any information he heard was hearsay and inadmissible at trial.

On April 29, 2020, Vasquez emailed Judge Wilson via his law clerk, asking how Judge Wilson would "handle witnesses whose testimony will be used solely for impeachment . . . ." Dkt. 91-1, at 8. Judge Wilson requested clarification as to whether Vasquez was asking how the Judge would handle rebuttal witnesses. Vasquez responded that he was principally asking about impeachment witnesses, "who could be called in the party's case in chief *or* on rebuttal." *Id*. at 7 (emphasis added). Confused, Judge Wilson again asked for clarification on how Vasquez planned to impeach in his case-in-chief. Vasquez's response was not edifying but mentioned, in a convoluted way, possible discovery issues. Judge Wilson instructed Vasquez to "[f]ile a motion regarding your new discovery issues and include whatever relief you are requesting," and stated the clerks for Judge Wilson and Judge Nye would sort it out. Dkt. 97-1, at 5.

On April 30, 2020, the jury trial set for May 18, 2020, was continued to August 10, 2020 due to COVID-19. Dkt. 88.

On May 14, 2020, without permission from the Court to modify the scheduling order, Vasquez served "Plaintiff's Fourth Set of Discovery Requests" on Idaho Falls.

On May 18, 2020, Vasquez filed the pending motions requesting sanctions, or, in the alternative, a motion to compel and/or reopen discovery on a limited basis. Dkt. 18.

### III. DISCUSSION

#### A. Potential Dismissal on Procedural Grounds

Before turning to the merits of the motion, the Court first addresses whether it should be denied—as Idaho Falls argues it should—"on the basis that [Vasquez] has failed

MEMORANDUM DECISION AND ORDER - 4

to comply with this Court's Case Management Order controlling discovery motions in this matter." Dkt. 95, at 2. Idaho Falls argues: (1) the motion is premature because Idaho Falls has not yet provided any response or objection to Plaintiff's Fourth Set of Discovery Requests; and (2) Plaintiff "ignored the discovery dispute process laid out within the Court's Case Management Order entirely." Dkt. 95, at 3.

The Court agrees Vasquez filed this motion prematurely. However, the Court is also cognizant that the trial date is rapidly approaching. If additional discovery is necessary, it must be done soon. Further, Idaho Falls responded that if the Court thinks the information Vasquez seeks would potentially be discoverable, Idaho Falls "should not be required to produce the documents and information requested by Plaintiff without the Court first preforming an in-camera review of the requested documents and information to determine whether it is discoverable in this case." Dkt. 95, at 11. Thus, it appears there is a dispute and that Idaho Falls, by its own admission, would not voluntarily have produced all of the requested documents. As there is a discovery controversy and Idaho Falls has responded on the merits to Vasquez's motion (and in an effort to expedite the process given the upcoming trial), the Court will not deny the motion on procedural grounds this time.

Idaho Falls also argues that Vasquez should have followed the Court's Case Management Order and submitted the discovery dispute to the law clerk to mediate before filing the instant motion. As Vasquez failed to do so, the Court has not had the opportunity to resolve the dispute through an off-the-record telephonic conference. Vasquez also failed to comply with Local Rule 37.1 before filing this motion, as he did not meet and confer with Idaho Falls to make a reasonable effort to resolve the disputed issue. Dist. Idaho Loc.

MEMORANDUM DECISION AND ORDER - 5

Civ. R. 37.1(d)(1)(B).

Vasquez implicitly concedes that he did not follow the applicable local rule before filing the motion. However, he argues he did follow the Court's order as "[a]ll further proceedings in this case have been referred to visiting Judge [] Wilson" and Judge Wilson had instructed him to file the motion. Dkt. 97, at 2.

Vasquez's position is incorrect because the undersigned Judge is still involved in this case. It is true that Judge Wilson will conduct the August 10, 2020 trial. Dkt. 89. Yet Judge Wilson, through his clerk, told Vasquez on April 30, 2020, that the undersigned Judge would still be involved in determining Vasquez's relief for potential discovery disputes. Dkt. 97-1, at 5. The Court agrees that Vasquez should have met and conferred with Idaho Falls, and then, if the issue was not resolved, should have submitted the dispute to the clerk to mediate prior to making this motion.

However, in this case, the Court finds Vasquez was justifiably confused over what procedure to follow. The issue emerged from Vasquez's email to Judge Wilson about presenting an impeachment witness in his case-in-chief. After several back and forth exchanges between Vasquez's counsel and Judge Wilson's clerk, during which time Judge Wilson sought clarification of what, exactly, Vasquez was asking for, Judge Wilson finally asked Vasquez to brief the Court. Judge Wilson requested a formal motion because the email exchange was not edifying and concerned issues that did not appear to be the type that should be litigated via email. At no point did Vasquez inform Judge Wilson or the undersigned Judge, both who were included (via their clerks) on the email exchange, that he was seeking discovery sanctions. Nor was it clear that Vasquez was seeking to modify

the Court's scheduling order. However, upon review, Vasquez did mention that he thought some information was not disclosed that should have been disclosed via supplementation. While Vasquez *should* have asked if Judge Wilson's one-line email response overrode the Court's Case Management Order and Local Rule 37.1, the Court can understand why he did not.

The Court cautions Vasquez, and his counsel, to expressly check before assuming a prior court order or local rule is overridden via an email response in future proceedings before the Court, either in this or other cases. But for the upcoming trial (and possible necessity of reopening discovery before trial), the Court would deny Vasquez's motion and order him to go through the procedures laid out in the Court's Case Management Order and local rules. However, given the impending trial, the Court will decide Vasquez's motion on the merits.

### B. Consideration on the Merits

Vasquez contends Idaho Falls should be sanctioned pursuant to Rules 37(b)(2)(A)(i), 37(c)(1)(A), and 37(c)(1)(C) because its supplemental disclosures are inadequate, as Idaho Falls did not respond to "Plaintiff's Third Set of Interrogatories and Request for Production," and failed to supplement its disclosure information about Brent Martin's job position change. In the alternative, Vasquez moves to compel and/or to reopen discovery on a limited basis if the Court deems sanctions unwarranted. Vasquez does not cite which, if any, Federal Rules of Civil Procedure or discovery orders Idaho Falls purportedly violated. In response, Idaho Falls argues its disclosures were sufficient under Federal Rule of Civil Procedure 26 and, furthermore, information regarding Martin's

MEMORANDUM DECISION AND ORDER - 7

change in position is irrelevant to the case at hand.

Because it is not clear on its face that what Vasquez is demanding is discovery required under either Rule 26 or a court order, the Court first reviews whether the information Vasquez seeks is discoverable at this time, i.e., through his "motion to compel and/or to reopen discovery on a limited basis."

### 1. Motion to Compel

Vasquez seeks to compel Idaho Falls to provide a complete and prompt response to "Plaintiff's Third Set of Interrogatories and Request for Production" and "Plaintiff's Fourth Set of Discovery Requests." Dkt. 93, at 2. In reviewing the briefing, Vasquez primarily seeks Brent Martin's entire Idaho Falls personnel and employment file(s) pertaining to the time period between January 1, 2007 and the present, including his disciplinary history.

Vasquez seeks to compel discovery after the deadline for discovery has passed. "Although the Federal Rules of Civil Procedure place no time limit on the outside date for the filing of a motion to compel discovery, motions to compel filed after the close of discovery generally are deemed untimely." *Green Aire for Air Conditioning W.L.L. v. Salem*, No. 118CV00873LJOSKO, 2020 WL 58279, at *2 (E.D. Cal. Jan. 6, 2020) (quoting *Thomason v. City of Fowler*, No. 1:13-CV-00336-AWI-BAM, 2014 WL 4436385, at *4 (E.D. Cal. Sept. 9, 2014) (citing cases)). "Other district courts within the Ninth Circuit have regularly denied motions to compel when those motions were filed after the close of discovery." *Peck v. Cincinnati Ins. Co.*, No. 1:14-CV-00500-BLW, 2016 WL 9308018, at *2 (D. Idaho May 3, 2016) (citing *Kizzee v. Walmart, Inc.*, No. CV 10-0802-PHX-DGC, 2011 WL 3566881 (D. Ariz. Aug. 15, 2011) (denying motion to compel filed three months

after the close of discovery and after motions for summary judgment had been filed); *Skinner v. Ryan*, No. CV-09-2152-PHX-SMM (LOA), 2010 WL 4602935 (D. Ariz. Nov. 5, 2010) (motion to compel filed over three months after the deadline for bringing discovery disputes to the court's attention denied as untimely); *Christmas v. MERS*, No. 2:09-cv-01389-RLH-GWF, 2010 WL 2695662 (D. Nev. July 2, 2010) (denying motion to compel filed after deadline for discovery and dispositive motions as untimely)).

When faced with a motion to compel that is filed after the close of discovery, courts consider a number of factors in deciding whether the motion should nevertheless be considered:

> (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (7) the age of the case, (8) any prejudice to the party from whom late discovery was sought, and (9) disruption of the court's schedule.

*Days Inn Worldwide, Inc. v. Sonia Invs.,* 237 F.R.D. 395, 398 (N.D. Tex. 2006) (collecting cases looking to discovery deadline date to determine whether a motion to compel is timely filed); *see also Rogers v. Brauer Law Offices, PLC,* CV–10–1693–PHX–LOA, 2011 WL 3665346, at *4 (D. Ariz. Aug. 22, 2011) (collecting Ninth Circuit cases where courts have denied discovery motions filed after the discovery deadline).

Because the Court's grant of Vasquez's motion to compel would result in a "de facto modification of the scheduling order," *Rogers*, 2011 WL 3665346 at *4, the Court examines the *Days Inn* factors to determine whether there is good cause to modify the Order's July 30, 2017 discovery deadline. *See* Fed. R. Civ. P. 16(b)(4). The Court primarily

MEMORANDUM DECISION AND ORDER - 9

considers the moving party's diligence in deciding whether good cause exists. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

### i. Plaintiff's Third Set of Interrogatories and Request for Production

Vasquez originally served "Plaintiff's Third Set of Interrogatories and Request for Production" on Idaho Falls on June 30, 2017. Discovery was completed a month later, on July 30, 2017. Dkt. 15; *but see* Dkt. 19 (extending discovery for a limited purpose until September 8, 2017). Dispositive motions were due September 29, 2017. Dkt. 19. Vasquez waited to file a motion to compel Idaho Falls to respond to "Plaintiff's Third Set of Interrogatories and Request for Production" until years after the discovery and dispositive motions deadline had passed. Vasquez provides no reasons for his dilatory request. In considering the *Days Inn* factors, the Court finds Vasquez has not established good cause to re-open discovery in relation to his June 30, 2017 request.

### ii. Plaintiff's Fourth Set of Discovery Requests

Here, Vasquez is moving to compel more information regarding Brent Martin, a potential witness, based on hearsay he heard in late April 2020. Vasquez was told that Idaho Falls demoted Martin (the one-time Parks and Recreation Supervisor for Idaho Falls) for misconduct, possibly for sexual harassment. Here, the Court finds Vasquez has been diligent in filing his motion to compel, e.g., to re-open discovery (although he should have, as the Court noted above, first tried to resolve the discovery dispute pursuant to the Court's Case Management Order and Local Rule 37.1). The Court therefore turns to the merits of Vasquez's motion to compel Martin's employment records.

The party moving to compel bears the burden of informing the court: (1) which

MEMORANDUM DECISION AND ORDER - 10

discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why the party believes the response is deficient; (4) why any objections are not justified; and (5) why the information sought through discovery is relevant to the prosecution of this action. *McCoy v. Ramirez*, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); *Ellis v. Cambra*, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). "Relevance for purposes of discovery is defined very broadly." *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998). "Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Juarez v. Butts*, No. 215CV1996JAMDBP, 2019 WL 6877920, at *1–2 (E.D. Cal. Dec. 17, 2019) (quoting *Bryant v. Ochoa*, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009)).

Vasquez has provided the new discovery requests that are the subject of the motion to compel. He requests the following in "Plaintiff's Fourth Set of Discovery Requests":

> **INTERROGATORY NO. 12**: With regard to Brent Martin's demotion from Idaho Falls Parks and Recreation Superintendent to Assistant Superintendent, provide the following information:
>
> > a. Identify the date when the demotion occurred;
> >
> > b. Identify each and every reason, ground, basis, and fact supporting the demotion; Sandcreek Golf Course, and provide the date when the demotion occurred;
> >
> > c. Identify each and every person with knowledge of the reasons, grounds, bases, or facts supporting the demotion; and
> >
> > d. Identify each and every document supporting or pertaining to the reasons, grounds, bases, or facts supporting the demotion.

MEMORANDUM DECISION AND ORDER - 11

**INTERROGATORY NO. 13**: Identify and describe in detail each and every disciplinary action or adverse employment action taken against Brent Martin from January 1, 2007 to the present. "Disciplinary action" and "adverse employment action" is deemed to include demotions, verbal or written counseling, verbal or written reprimands, verbal or written warnings, verbal or written directions or plans for improvement, verbal or written performance evaluations identifying areas for improvement, verbal or written complaints from City of Idaho Falls employees or residents, Human Resource or other City of Idaho Falls investigations into job performance or potential misconduct, and the like.

**REQUEST FOR PRODUCTION NO. 24**: Please produce all documents and things supporting, pertaining to, or identified in your answers to Interrogatories Nos. 12 and 13 above, including but not limited to:

> a. Brent Martin's entire personnel and employment file(s) pertaining to the time period from January 1, 2007 to the present; b. All Human Resources documents and files pertaining to Brent Martin for the time period from January 1, 2007 to the present, including but not limited to any and complaints against or investigations into his job performance, conduct or complaints pertaining thereto; and
>
> c. Any and all documents containing or pertaining in any way to the information requested in Interrogatories Nos. 12 and 13 above.

Dkt. 93-1, 6–7.

Vasquez contends that the information he seeks is relevant because the theory of his case is that Idaho Falls disciplined its Caucasian employees differently than it treated Vasquez.

Idaho Falls objects as to relevance. It argues that Martin, as a person in a supervisory position, is not similarly situated to Vasquez. As support, it quotes the Court's Memorandum Decision and Order on Summary Judgment finding that: "Employees in supervisory positions are generally deemed not to be similarly situated to lower level employees." Dkt. 95, at 9–10 (quoting Dkt. 33, at 14 (citations omitted)). Idaho Falls adds that even if Vasquez were similarly situated to Martin, it would not be relevant, as

MEMORANDUM DECISION AND ORDER - 12

"evidence concerning the City's subsequent disciplinary procedures would be inadmissible evidence of subsequent remedial measures of the City's policies following Plaintiff's termination under FRE 407." Dkt. 95, at 9. Additionally, Idaho Falls has repeatedly told Vasquez that "no complaint, investigation, charge, or allegation of sexual harassment has been made to the City against Mr. Martin." Dkt. 95, at 10. Idaho Falls requests that if the Court nevertheless finds the material might be discoverable, the Court should conduct an in-camera review prior to ordering Idaho Falls to produce the records to the Vasquez.

On appeal, the Ninth Circuit held that the Court should have considered evidence about whether Idaho Falls treated Baird, a supervisor, differently than it treated Vasquez, an employee.[2] So the mere fact that Martin a supervisor does not mean Idaho Falls' treatment of him is not relevant. Further, Idaho Falls identified Martin as a potential "witness [who] will have information regarding the facts and procedure associated with the termination of Plaintiff's employment," (Dkt. 95-1, at 5), so information concerning Idaho Falls' treatment of Martin may be relevant and related to his testimony. That being said,

---

[2] In so ruling, the Ninth Circuit determined that:

> "[T]he district court failed to properly consider Vasquez's circumstantial evidence of pretext. Vasquez presents evidence that throughout his employment at the City, he was subjected to racial harassment by Baird and that the City failed to punish Baird despite receiving reports from multiple people about his racist conduct. *See McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1123 (9th Cir. 2004) (explaining that an employer's "permissive response to harassing actions undertaken by coworkers and supervisors" is circumstantial evidence of pretext). By contrast, after the City received similarly severe complaints of sexual harassment against Vasquez, it treated him less favorably than Baird, a white man, by immediately disciplining Vasquez and terminating him two weeks later. *See Reynaga v. Roseburg Forest Prod.*, 847 F.3d 678, 691–92 (9th Cir. 2017).

*Vasquez v. City of Idaho Falls*, 778 F. App'x 415, 417 (9th Cir. 2019)

MEMORANDUM DECISION AND ORDER - 13

there is not enough information in front of the Court concerning whether, how, or when Martin may have been disciplined to determine whether the information is discoverable.

The Court will conduct an in-camera review of Idaho Falls' response to "Plaintiff's Fourth Set of Discovery Requests," prior to compelling Idaho Falls to produce the information. However, as Vasquez strategically chose not to depose Martin prior to July 30, 2017, the Court finds it unlikely at this time that it will compel Idaho Falls to disclose information relating to Brent Martin from January 1, 2007, to July 30, 2017. After reviewing the files, it may determine otherwise.

The Court DENIES in PART and GRANTS in PART Vasquez's motion to compel. Idaho Falls is ordered to provide its response to "Plaintiff's Fourth Set of Discovery Requests" to the Court for in-camera review by June 19, 2020. If the Court finds the material relevant and discoverable, it will re-open discovery for a limited purpose.

2. *Motion for Sanctions*

Vasquez moves for sanctions pursuant to Rules 37(b)(2)(A)(I), 37(c)(1)(A), and 37(c)(1)(C). In reviewing Vasquez's motion and accompanying memorandum,[3] Vasquez does not identify a specific Federal Rule of Civil Procedure or court order Idaho Falls violated. This makes the Court's ability to rule on Vasquez's motion, and Idaho Falls' ability to respond, very difficult. However, it appears that Vasquez is moving for sanctions

---

[3] Vasquez originally styled his memorandum, attached to his motion, as a supporting declaration by Vasquez's counsel. When Idaho Falls objected, stating that Vasquez's counsel lacked personal knowledge, Vasquez responded: "It should be obvious the declaration was not intended to attest to the truth of the evidence in the Court record but to direct the Court's attention to it. . . . . To the extent this is not obvious, Plaintiff hereby stipulates and agrees that the Court's consideration of the memorandum/declaration should be limited accordingly." Dkt. 97, at 3. The Court considers this statement to be a stipulation that it should consider the accompanying document principally as a memorandum, not as a declaration.

MEMORANDUM DECISION AND ORDER - 14

because Idaho Falls did not disclose Martin's demotion. *See* Dkt. 92-1, at 7, ("The defendant should not be permitted to wait until long after the close of discovery to disclose Martin's demotion under these circumstances, only to claim it is now too late to allow Plaintiff discovery on the issue that the defendant refused to disclose. Plaintiff therefore requests the Court's Order pursuant to Rules 37(b)(2)(A)(I), 37(c)(1)(A), and 37(c)(1)(C), sanctioning the defendant for such discovery abuses . . . .").

Idaho Falls interpreted Vasquez's motion as alleging that Idaho Falls violated Rule 26(a)(1)(A) in its supplemental disclosure relating to Martin's identity.

Under Rule 26(a)(1)(A):

a party must, without awaiting a discovery request, provide to the other parties:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment . . .

Fed. R. Civ. P. 26(a)(1)(A)(i). When a party fails to provide information or identify a witness as required by Rule 26(a) or (e), Rule 37(c)(1) provides trial courts wide discretion to remedy the violation. "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012) (citing *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008)).

Idaho Falls contends its disclosure regarding Martin satisfied Rule 26(a)(1)'s requirements "by giving his name, address and telephone number (as 'care of' the City's counsel), and the subject of the information Mr. Martin had that the City may use to support

MEMORANDUM DECISION AND ORDER - 15

its defense ('information regarding the facts and procedure associated with the termination of Plaintiff's employment.')." Dkt. 95, at 7. Idaho Falls asserts that what Vasquez is seeking—Vasquez's job title and personnel file—is not a required disclosure under the rule. Moreover, while Vasquez asked for Idaho Falls to "identify all witnesses [it] may call to testify at the trial of this matter and describe all facts and opinions to which [it] expect[s] each witness to testify," (Dkt. 92-1, at 2 (citations omitted)), he failed to define what he meant by "identify" with respect to such individuals, even though he explicitly defined what "identify" meant "when used with respect to a document, item or thing[.]" Dkt. 95, at 8.

Vasquez dismisses Idaho Falls' arguments as pedantry and cites to the *Collins English Dictionary*[4] to suggest "identity" would include "information distinguishing one such employee from the other describing 'who and what they are' within the organization, such occupation and job titles." Dkt. 97, at 5.

The Court is unconvinced by Vasquez's argument or the general principle that "identify" must be defined when used as to "document, item, or thing," but that such definition is not necessary when used as to "individual." In other words, the Court is unconvinced that parties would naturally have a shared understanding of what "identify" means in relation to an individual *or* that the *Collins English Dictionary* supports Vasquez's proposition that identify means a party must include a witness' job title or

---

[4] "If you can identify someone or something, you are able to recognize them or distinguish them from others.—and—If you identify someone or something, you name them or say who or what they are." Dkt. 97, at 5 (quoting *Collins English Dictionary* (https://www.collinsdictionary.com/us/dictionary/english/identify).

MEMORANDUM DECISION AND ORDER - 16

occupation. However, as Vasquez observed in his reply, Idaho Falls voluntarily disclosed Martin's job title in its initial disclosures on January 13, 2017:

> Brent Martin, *City of Idaho Falls Parks and Recreation Superintendent*, c/o Blake Hall, HALL ANGELL & ASSOCIATES, LLP, 1075 S Utah Avenue, Suite 150, Idaho Falls, ID 83402, phone number (208) 522-3003. It is anticipated that this witness will have information regarding the facts and procedure associated with the termination of Plaintiff's employment.

Dkt. 93-1, at 12 (emphasis added).

On October 31, 2019, Idaho Falls supplemented its initial disclosure of Brent Martin as follows:

> Brent Martin, *Former City of Idaho Falls Parks and Recreation Superintendent*, c/o Blake Hall, HALL ANGELL & ASSOCIATES, LLP, 1075 S Utah Avenue, Suite 150, Idaho Falls, ID 83402, phone number (208) 522-3003. It is anticipated that this witness will have information regarding the facts and procedure associated with the termination of Plaintiff's employment. Mr. Martin is still employed with the City.

Dkt. 95-1, at 5 (emphasis added). The October 31, 2019 supplement notified Vasquez that Martin's employment title and position had changed.

On December 6, 2019, five months before trial was set, Idaho Falls again supplemented its disclosure regarding Martin:

> Brent Martin, *Assistant Superintendent for Sandcreek Golf Course*, c/o Blake Hall, HALL ANGELL & ASSOCIATES, LLP, 1075 S Utah Avenue, Suite 150, Idaho Falls, ID 83402, phone number (208) 522-3003. Mr. Martin is the former City of Idaho Falls Parks and Recreation Superintendent. It is anticipated that this witness will have information regarding the facts and procedure associated with the termination of Plaintiff's employment. Mr. Martin is still employed with the City as Assistant Superintendent for Sandcreek Golf Course.

Dkt. 95-1, at 5 (emphasis added). In its supplement, Idaho Falls included Martin's new position and a brief description of Martin's anticipated witness testimony. Thus, Idaho

MEMORANDUM DECISION AND ORDER - 17

Falls itself understood Martin's occupation and job title were relevant to Martin's identity and voluntarily disclosed such information multiple times.

A disclosing party must "supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). Here, Idaho Falls had previously provided Martin's occupation and job title. If it learned there was corrective information, it should have disclosed it to Vasquez, as it had before.

Regardless, the Court does not find that Idaho Falls has acted in a sanctionable fashion at this time. If it discovers, upon in-camera review, that Martin was demoted prior to late-2019, it may re-open the issue of whether Idaho Falls' late disclosure was substantially justified or harmless. At this time, the Court DENIES Vasquez's motion for sanctions.

### IV. ORDER

IT IS HEREBY ORDERED:

1. Plaintiff Vasquez's Motion for Sanctions, or Alternatively, Motion to Compel and/or to Reopen Discovery on a Limited Basis (Dkt. 93) is GRANTED in PART and DENIED in PART, as outlined above.

2. Idaho Falls is ordered to provide its response to "Plaintiff's Fourth Set of Discovery Requests"—in both in hardcopy and in text-searchable PDF

MEMORANDUM DECISION AND ORDER - 18

format—to the Court for in-camera review on or before Friday, June 19, 2020.

DATED: June 4, 2020

_____
David C. Nye
Chief U.S. District Court Judge