UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LUIS AUGUSTINE VASQUEZ,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF IDAHO FALLS,<br><br>    Defendant. | Case No. 4:16-cv-00184-DCN<br><br>**MEMORANDUM DECISION AND ORDER RE. *IN CAMERA* REVIEW** |

## I.  INTRODUCTION

Pursuant to the Court's "Memorandum Decision and Order Re. Motion For Sanctions, or Alternatively, Motion To Compel and/or To Reopen Discovery On A Limited Basis," Idaho Falls provided the Court with its proposed supplemental responses to Plaintiff's Fourth Set of Discovery Request and accompanying documents. Dkt. 99. After completing its *in camera* review, the Court has determined Idaho Falls need not respond to Plaintiff's Fourth Set of Discovery Requests.

## II.  BACKGROUND

Idaho Falls disclosed Brent Martin as a potential witness in its initial disclosures on January 13, 2017, stating:

> Brent Martin, City of Idaho Falls Parks and Recreation Superintendent, c/o Blake Hall, HALL ANGELL & ASSOCIATES, LLP, 1075 S Utah Avenue, Suite 150, Idaho Falls, ID 83402, phone number (208) 522-3003. It is

anticipated that this witness will have information regarding the facts and procedure associated with the termination of Plaintiff's employment.

Dkt. 93-1, at 12.

The Court's Case Management Order mandated that all discovery be completed by July 30, 2017 (Dkt. 15, at 3), but the Court later granted an extension to the discovery deadline until September 8, 2017, for the deposition of Sergio Soto (Dkt. 18). Vasquez strategically chose not to depose Martin prior to July 30, 2017.

On December 6, 2019, five months before trial was set, Idaho Falls supplemented its disclosure regarding Martin. Its supplement noted that Martin's job title had changed from City of Idaho Falls Parks and Recreation Superintendent to Assistant Superintendent for Sandcreek Golf Course, and that Martin was still employed by the Idaho Falls in his new position. Dkt. 93-1, at 5. Idaho Falls stated in its supplement, "It is anticipated that this witness will have information regarding the facts and procedure associated with the termination of Plaintiff's employment." *Id*.

On an undisclosed date in April 2020, Vasquez's counsel heard that Martin had been demoted for misconduct, possibly for sexual harassment. Vasquez's counsel has not disclosed his source and acknowledged any information he heard was hearsay and inadmissible at trial.

On April 29, 2020, Vasquez emailed Judge Wilson via his law clerk, asking how Judge Wilson would "handle witnesses whose testimony will be used solely for impeachment . . . ." Dkt. 91-1, at 8. Judge Wilson requested clarification as to whether Vasquez was asking how the Judge would handle rebuttal witnesses. Vasquez responded

that he was principally asking about impeachment witnesses, "who could be called in the party's case in chief or on rebuttal." *Id*. at 7. Judge Wilson ultimately instructed Vasquez to "[f]ile a motion regarding your new discovery issues and include whatever relief you are requesting." Dkt. 97-1, at 5.

On April 30, 2020, the jury trial set for May 18, 2020, was continued to August 10, 2020, due to COVID-19. Dkt. 88.

On May 14, 2020, without permission from the Court to modify the scheduling order, Vasquez served "Plaintiff's Fourth Set of Discovery Requests" on Idaho Falls. In it, he requested information regarding Martin's change of job title from Idaho Falls Parks and Recreation Superintendent to Assistant Superintendent for Sandcreek Golf Course, every disciplinary action or adverse employment action taken against Martin from January 1, 2007 to the present, and any supporting documents.

On May 18, 2020, Vasquez filed a motion requesting sanctions, or, in the alternative, a motion to compel and/or reopen discovery on a limited basis. Dkt. 18. He asserted his motion was in response to Judge Wilson's instruction to file a motion concerning his new discovery issues.

The Court denied Vasquez's request to compel responses to "Plaintiff's Third Set of Interrogatories and Request for Production," which was served on Idaho Falls on June 30, 2017, because Vasquez had waited years after the close of discovery and after the dispositive motions deadline had passed to file his motion to compel. However, the Court held that it would conduct an *in camera* review of Idaho Falls' response to "Plaintiff's Fourth Set of Discovery Requests," prior to compelling Idaho Falls to produce the

MEMORANDUM AND DECISION - 3

information. The Court has now conducted its review.[1]

## III. DISCUSSION

Rule 26(a)(1)(A)(ii) requires a party to, "without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). "The rule does not require affirmative production of documents." *BWP Media USA Inc. v. Urbanity, LLC*, 696 F. App'x 795, 796 (9th Cir. 2017).

Upon review, Martin was reassigned in 2018, three years after Vasquez was terminated and over two years after the Complaint was filed.[2] The requested information does not relate to stated testimony Idaho Falls asserts Martin may witness to at trial (i.e., "the facts and procedure associated with the termination of Plaintiff's employment"). As Idaho Falls does not intend to use information relating to "Plaintiff's Fourth Set of Discovery Requests" to support its claims or defenses, it was not required affirmatively produce either a description of the documents or the actual documents now requested by Vasquez.

Nor was Idaho Falls required to supplement any prior disclosure with the new

---

[1] The Court found Vasquez's motion to compel responses to "Plaintiff's Fourth Set of Discovery Requests," was timely. Vasquez moved to compel on May 18, 2020, based on hearsay he heard in late April 2020 that Idaho Falls demoted Martin for misconduct, possibly for sexual harassment.

[2] The Court saw no evidence in its *in camera* review to suggest that Martin was reassigned due to sexual harassment, either alleged or actual.

MEMORANDUM AND DECISION - 4

information regarding Martin. Vasquez chose not to depose Martin or to seek documents related to him during the discovery period. Vasquez contends that whether "Martin had actually been demoted for misconduct, possibly even for sexual harassment. . . . bears heavily upon Plaintiff's pretext case and whether the defendant followed its progressive disciplinary policy with Martin, a Caucasian decisionmaker who had received Plaintiff's complaints of racial harassment but refused to do anything about it, only to fire Plaintiff a month later and then destroy evidence of his complicity." Dkt. 93-1, at 5. However, to the extent information requested by Vasquez in his first three sets of interrogatories and requests for production might have been tangentially related to Martin, Vazquez did not move to compel that material during the discovery period. As Vasquez never pursued Martin's personnel file from January 1, 2007 to the present (or related information), during the original discovery period, he is not entitled to have it supplemented now, mere weeks before trial.[3]

Instead, as his counsel stated in his email to Judge Wilson, Vasquez sought information concerning Martin in connection with impeaching witnesses. After reviewing Idaho Falls' proposed responses to "Plaintiff's Fourth Set of Discovery Requests," the Court holds that the evidence could only be admitted for the purpose of impeaching a witness. Accordingly, Idaho Falls is not required to respond to "Plaintiff's Fourth Set of Discovery Requests" at all under Rule 26's protection of documents used solely for

---

[3] To the extent there may be newly relevant material in his personnel file relating to events occurring *after* the discovery period closed, the potentially relevant evidence would be precluded from discovery under Federal Rule of Evidence 407.

MEMORANDUM AND DECISION - 5

impeachment. Fed. R. Civ. P. 26(a)(1)(A)(ii); *see also IceMOS Tech. Corp. v. Omron Corp.*, No. CV-17-02575-PHX-JAT, 2020 WL 1905736, at *2 (D. Ariz. Apr. 17, 2020) ("Under Rule 26(a)(1)(A), a party need not disclose an individual or information that the party will use 'solely for impeachment,' that is, solely to attack a witness's credibility.").

## IV. ORDER

IT IS HEREBY ORDERED:

1. Discovery remains CLOSED in this case.
2. Idaho Falls need not respond to Plaintiff's Fourth Set of Discovery Request.

DATED: July 8, 2020

David C. Nye
Chief U.S. District Court Judge